Louise **FRIEDLANDER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. 56–C–276.

United States District Court
E. D. Wisconsin.

Jan. 9, 1958.

Kaumheimer, Alt & Likert, Milwaukee, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

The plaintiff, a citizen of the United States, and a resident of Milwaukee County, received a payment of $30,000, less a Wisconsin gift tax of $3,359.20, in twelve equal monthly installments during the year 1953, from the Phoenix Hosiery Company, a Wisconsin corporation, pursuant to a unanimous resolution passed by the Board of Directors of that corporation on February 20, 1953. According to the resolution, the payment was made in recognition of the services rendered to the corporation for many years by Theodore Friedlander, deceased husband of the plaintiff.

The defendant, United States of America, under its Internal Revenue

laws, assessed and collected an income tax upon that payment in the total amount of $21,145.36, whereupon the plaintiff filed a claim for a refund of that amount, which claim has been disallowed. She sues now for a refund of $21,145.36, alleging that this payment to her of $30,000 was a gift and was not taxable income.

Jurisdiction as stipulated is conferred by Section 1346(a) (1) of Title 28 of the United States Code. This matter is before the Court on a stipulation of facts and on briefs.

The stipulation of facts agreed to and filed by the parties substantially reveals the following:

Theodore Friedlander, husband of the plaintiff, died on December 3, 1952, after 32 years of executive service to the Phoenix Hosiery Company, and at the time of his death he was Chairman of the Board of Directors. The corporation paid him his full salary at the rate of $30,000 a year up to the time of his death. Following the resolution of the Board of Directors to pay the plaintiff the sum of $30,000 during the year 1953, and the payment thereof, the corporation filed with the Wisconsin Department of Taxation, a Wisconsin Donor's Gift Tax return in respect of said payment, and remitted a Wisconsin gift tax of $3,359.20. At about the same time the plaintiff filed a Wisconsin Donee's Gift Tax return in respect of said payment of $30,000.

On the books and records of the corporation the 12 monthly installment payments were treated as ordinary business expense. They were posted to a special ledger account entitled "Miscellaneous Accounts payable—Mrs. Louise Friedlander", and the closing entries were credited along with other expenses against current income, and thereby had the net effect of a charge against the corporate surplus. On its Federal income tax return for 1953, the corporation reported the $30,000 payment as an ordinary and necessary business expense and deducted it from its gross income accordingly under the caption "Payment to Widow of deceased officer".

The plaintiff has never been and is not now an employee or officer of the corporation, nor has she performed any services for it in consideration for the payment of $30,000. At the time of Theodore Friedlander's death and through the end of 1953, the corporation was not financially obligated to the plaintiff, except for the payments pursuant to the above described resolution of the Board of Directors of February 20, 1953, and except for the plaintiff's interest in death benefits earned by her husband under the corporation's Employees' Profit-Sharing and Retirement Plan and Trust totalling $16,454.15, and further except for the interest both beneficial and legal which the plaintiff held in the declared dividends of the corporation during this period.

During this same period, the plaintiff was the legal owner of 100 shares of the corporation's common stock, of which the corporation had a total of 174,300 shares issued and outstanding. The majority of the shares of the issued and outstanding common stock of the corporation during this period were owned by the Estate of Herman Gardner, deceased. The plaintiff's husband was named under the will of Herman Gardner as a beneficiary, but the plaintiff was not.

The plaintiff for the calendar year of 1953, reported a Federal taxable income of $52,796, including as ordinary income the said payment of $30,000. She paid an income tax thereon in the sum of $30,943, and filed her claim for refund of $21,145.36, which was disallowed.

The defendant, United States of America, takes the position that any distributions of earnings by a corporation to a person who is in the relationship of a holder of stock are dividends as a matter of law and as such must be included in gross income as defined in Sections 22 and 115 of the Internal Revenue Code, of 1939 as amended.[1]

1. 26 U.S.Code 1952 Edition, Sections 22 and 115. See also Section 39.115(a)–1(c) of the Treasury Regulations 118 promulgated under the Internal Revenue Code of 1939.

It follows necessarily from such a premise that the relationship of stockholder insofar as any payment to the stockholder is out of the earnings of the corporation precludes the recipient from any donee's status under Sections 22 and 115, regardless of what such distributions are called, regardless of the corporation's intent in making them, or the underlying purpose for which they are made.

We have examined all of the authorities advanced in support of such proposition and find no support whatsoever for it. On the contrary, the case law is all to the point that whether or not a corporate distribution is a gift presents a question of fact to be determined in each case. Lengsfield et al. v. Commissioner of Internal Revenue, 5 Cir., 241 F. 2d 508, 510; citing John Kelley Co. v. Commissioner, 326 U.S. 521, 698, 66 S.Ct. 299, 90 L.Ed. 278; Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Limericks, Inc. v. Commissioner, 5 Cir., 165 F.2d 483; Paramount-Richards Theatres v. Commissioner, 5 Cir., 153 F. 2d 602; Wilson v. Commissioner, 5 Cir., 219 F.2d 126; Greenspun v. Commissioner, 5 Cir., 156 F.2d 917, 921.

Accordingly, the question of whether the Phoenix Hosiery Company paid to the plaintiff a gift or a dividend is an issue of fact. As a fact question, there is no issue of credibility; all of the facts have been stipulated. It is this Court's opinion that plaintiff has sustained her burden of proof. Considered then solely a fact question, we are compelled to find that the payment of $30,000 was a gift in the light of the fact that it was clearly implied in the Board of Directors' resolution, their deduction and payment to the State of $3,359.20, the filing of a donee's certificate by plaintiff herein, the fact that the payment was made to the plaintiff and not to her husband's estate, that there was no obligation on the part of the corporation to pay any additional compensation to plaintiff's husband, and the corporation derived no benefit from the payment made. The plaintiff performed no services for the corporation and the services of her husband had been fully compensated for. Under the stipulated facts, we can conclude only that the principal motive of the corporation in making the payment was its desire to do an act of kindness for the plaintiff. The payment, therefore, was a gift to her and not taxable income.

The plaintiff shall prepare Findings of Fact and Conclusions of Law in accordance with this memorandum.

Pursuant to Paragraph 11 of the stipulation of October 10, 1957, entered into between the parties, thirty days from date hereof will be allowed to the parties to agree upon the amount of the judgment to be entered in favor of the plaintiff. In the event of disagreement the matter will be submitted to the Court.