Estate of Martin Kuntz, Sr., Deceased, Isabelle M. Kuntz, Executrix, and Isabelle M. Kuntz, Individually, Surviving Wife v. Commissioner.
Estate of Kuntz v. Commissioner
Docket No. 77207.
United States Tax Court
T.C. Memo 1960-247; 1960 Tax Ct. Memo LEXIS 43; 19 T.C.M. (CCH) 1379; T.C.M. (RIA) 60247; November 22, 1960
*43 Held: That the amount of $42,000 in issue (out of a total of $47,000, $5,000 of which is not in issue, section 101(b), I.R.C. 1954) paid to a widow by a corporation of which her deceased husband had been an officer was not intended as a "gift" excludible from gross income under section 102, I.R.C. 1954. Estate of Mervin G. Pierpont, Deceased, et al., 35 T.C. -, (filed October 19, 1960), followed. Harry L. Lawner, Esq., Hulman Building, Dayton, Ohio for the petitioners. James C. Bright, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: This proceeding involves a *44 deficiency in income tax of the petitioners determined by respondent as follows: Year
Tax
Deficiency
1955
Income
$13,189.11
The only issue is whether certain payments to a widow by a corporation in recognition of services by her deceased husband, who had been an officer of said corporation, were excludible from gross income as a gift under section 102. Findings of Fact The petitioners are the Estate of Martin Kuntz, Sr., Deceased, Isabelle M. Kuntz, Executrix, and Isabelle M. Kuntz, Individually, Surviving Wife. The petitioner, Isabelle M. Kuntz, and Isabel M. Kuntz are one and the same person. The petitioners filed a joint income tax return for the year 1955 with the district director of internal revenue, Cincinnati, Ohio. The petitioners' taxable year for 1955 is the 1955 calendar year. Isabelle M. Kuntz was the executrix of the Estate of Martin Kuntz, Sr. Martin Kuntz, Sr. died January 3, 1955, leaving Isabel M. Kuntz as surviving spouse. At the time of his death, Martin Kuntz, Sr., was president of The Peter Kuntz Company, Dayton, Ohio. He had been employed by The Peter Kuntz Company for 42 years, his entire working life. He served The Peter *45 Kuntz Company as president from August 5, 1954 until his death. Prior to becoming president, he held the position of vice president and secretary of The Peter Kuntz Company for several years. From 1951 until his death, he received an annual salary of $42,000. His salary was not increased when he became president of The Peter Kuntz Company. In the calendar year 1955, Isabel M. Kuntz received payments in the sum of $47,000 from The Peter Kuntz Company. The payments to her by The Peter Kuntz Company were made pursuant to two resolutions of its board of directors, passed at a special meeting held January 7, 1955. The first resolution which authorized payments to Isabel M. Kuntz in the sum of $42,000 was as follows: It was moved by Elizabeth K. Wickham, seconded by John J. Kuntz, and upon vote unanimously passed, that because of Martin C. Kuntz, Sr.'s service of forty-two (42) years to The Peter Kuntz Company, in an executive capacity, as outlined in the above Resolution, and because during this entire period until his death he devoted all of his time, skill and knowledge to the welfare of this corporation; it is to the best interests, and benefit of the corporation to pay to Isabel *46 M. Kuntz, the widow of Martin C. Kuntz, Sr., deceased, the sum of $42,000.00 which was the amount of his yearly salary for 1954, payable in twenty-four semi-monthly installments beginning January 15, 1955. This payment is made as additional compensation and in consideration of services heretofore rendered to this corporation by the late Martin C. Kuntz, Sr., as hereinbefore stated. [Italics supplied.] The second resolution which authorized a payment of $5,000 to Isabel M. Kuntz was as follows: It was moved, by Grace K. Graves, seconded by Mary K. McLean, and unanimously passed, that Isabel M. Kuntz, the widow of Martin C. Kuntz, Sr., deceased, be paid the sum of $5,000 as employee benefit. This sum is not taxable to the recipient, because it is being paid in accordance with the 1954 Internal Revenue Code, Section 101(b). The Peter Kuntz Company deducted from the $42,000 payments to Isabel M. Kuntz withholding taxes in the sum of $1,450. No income tax was withheld by The Peter Kuntz Company from the $5,000 payment to Isabel M. Kuntz. The Peter Kuntz Company deducted the $42,000 payments to Isabel M. Kuntz on its corporation income tax return as employee *47 salary expense. During the 42 years that Martin Kuntz, Sr., was a valued officer and employee of The Peter Kuntz Company, that company prospered with its business increasing to a great extent. The amount in issue totaling $42,000 paid to Isabel M. Kuntz in the calendar year 1955 by The Peter Kuntz Company was paid for the reasons and purposes set forth in the resolution of the board of directors of the corporation authorizing such payment, and was not a gift within the meaning of section 102 of the Code of 1954. It is our view that the principles announced in Estate of Mervin G. Pierpont, Deceased, et al., 35 T.C. - (filed October 19, 1960) are applicable to the facts in the instant case, and that Pierpont is here controlling. We need not extend our discussion except to add that we think Reed v. United States, 177 F. Supp. 205 (1959), affirmed without discussion, 277 F. 2d 456 (C.A. 6, 1960) is clearly distinguishable on the facts. We have set forth the provisions of the corporate resolution in the instant case in our Findings, supra, and direct particular attention to the italicized portions thereof. In contrast, the resolution in Reed, as paraphrased *48 and accepted by the District Court in its Findings of Fact, #20, reads as follows: 20. The payment by Air Filter to Grace P. Reed of the aforesaid sum of $37,500 was intended to be, and was, made as a material expression of sympathy, generosity and kindness to the widow of a deceased officer and employee. The District Court in Reed, supra, concluded, on the facts as it found them, that the payments in question constituted gifts. On differing facts, as we have indicated above, we hold in the instant case that the payments in issue did not constitute gifts within the meaning of section 102 of the Code of 1954 and are to be included in petitioners' gross income for the year 1955 under section 61 of the Code of 1954. We merely note for completeness that the opinions of the District Court and of the Court of Appeals in the Reed cases were filed prior to June 13, 1960, which was the date of the decision of the Supreme Court in Commissioner v. Duberstein, 363 U.S. 278. Decision will be entered under Rule 50.