Estate of W. R. Olsen, Deceased, Kenneth M. Owen and First National Bank of Minneapolis, Co-Executors, and Hazel D. Olsen v. Commissioner.
Estate of Olsen v. Commissioner
Docket No. 73094.
United States Tax Court
T.C. Memo 1961-161; 1961 Tax Ct. Memo LEXIS 193; 20 T.C.M. (CCH) 807; T.C.M. (RIA) 61161; May 31, 1961
*193 Held, that the sum of $5,000 which a corporation paid to the widow of a deceased officer of said corporation, does not constitute a "gift" within the meaning of section 102(a) of the 1954 Code. Principles declared in Commissioner v. Duberstein, 363 U.S. 278, and in Estate of Mervin G. Pierpont, 35 T.C. 65, here applied. Robert J. Johnson, Esq., for the petitioners. Joseph D. Skinner, Esq., for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The Commissioner determined a deficiency *194 in petitioners' income tax for the year 1955, in the amount of $2,338.97. This deficiency resulted solely from the Commissioner's determination that the sum of $5,000, which a certain corporation paid to petitioner Hazel D. Olsen by reason of the death of her husband who had been the secretary-treasurer and a director of said corporation, was not excludable from said petitioner's income as a "gift," within the meaning of section 102(a) of the 1954 Code. The Commissioner determined also that, since the maximum exclusion in respect of "employees' death benefits," which is provided by section 101(b)(2)(A) of said Code, had already been applied by petitioners on their return against a profit-sharing trust distribution which said petitioner received, her ordinary income should be increased in the amount of $5,000. The petitioners, in their petition filed herein, assigned two errors with respect to said determinations, to wit: (a) Respondent erred in determining that the sum of $5,000 paid to Hazel D. Olsen by Super Valu Stores, Inc. in 1955 was taxable [income,] in that said amount constituted a gift excludable from gross income under Section 102 of the Internal Revenue Code *195 of 1954. (b) In the alternative, if respondent was correct in determining that said $5,000 payment made by Super Valu Stores, Inc. in 1955 constituted taxable income, then respondent erred in failing to apply the $5,000 exclusion permitted by Section 101(b) of the Internal Revenue Code of 1954 against said amount rather than against the lump sum distribution received by said Hazel D. Olsen in 1955 from the profit-sharing plan of said W. R. Olsen's employer, in that said $5,000 exclusion should be applied in such manner as will result in the maximum tax benefit therefrom. The alternative issue raised by the second assignment has now been eliminated. The Commissioner has agreed on brief, that the above-mentioned exclusion in respect of "employees' death benefits," may be applied in its entirety against the $5,000 which petitioner Hazel D. Olsen received directly from Super Valu Stores, Inc., rather than against the distribution which she received from the trustee of the corporation's profit-sharing trust; provided, that the aggregate amount so excluded does not exceed the statutory limitation of $5,000. Thus, the sole remaining issue for decision is, whether *196 the said sum of $5,000, which petitioner Hazel D. Olsen received from the corporation by reason of her husband's death, is excludable from her income as a "gift," within the meaning of section 102(a) of the 1954 Code. Findings of Fact Most of the facts have been stipulated. The stipulation of facts, together with the exhibits thereto attached, is incorporated herein by reference. W. R. Olsen (herein called the "decedent") died on September 12, 1955, at the age of 67 years, leaving him surviving: His widow Hazel D. Olsen, who is a resident of Minneapolis, Minnesota; and a son, W. R. Olsen, Jr. The duly qualified and acting coexecutors of the decedent's will are, the First National Bank of Minneapolis, and Kenneth W. Owen. These executors joined with the widow in filing a joint income tax return for the year 1955 which is here involved; and said executors and the widow are the petitioners herein. The decedent, at the time of his death, was secretary-treasurer and also a director of Super Valu Stores, Inc., of Hopkins, Minnesota, which engaged in the wholesale food distribution business, and which had approximately 1,450 employees. Decedent had, until his death, been employed *197 by this corporation for over 23 years. The petitioner-widow was not an employee of the corporation at any time here material. At the time of decedent's death, the corporation had 181,479 shares of common stock outstanding, of which the decedent owned 3,338. shares, his wife owned 336 shares, and his son owned 150 shares. There were some 720 common stockholders. For the year of his death, the decedent was paid salary and bonuses by the corporation, totaling $16,151.84 - some of which amount was received by his executors after his death. None of such compensation is here involved. Following the decedent's death and in the year 1955, the petitioner-widow received from the trustee of said corporation's qualified profit-sharing trust, the sum of $13,623.65. This amount was paid to her as the decedent's designated beneficiary, by reason of his death; and it constituted full payment and distribution to her of all amounts credited to the decedent on the trust's accounts, up to the time of his death. This distribution is here only indirectly involved. On October 27, 1955, the petitioner-widow received from the corporation, the sum of $5,000. This payment which is here directly involved, *198 was paid to her pursuant to the following resolution of the corporation's board of directors, approved at a special meeting of said board held on October 25, 1955: WHEREAS, the death of William R. Olsen constitutes a severe loss to the best interests of this Company; and WHEREAS, the Board of Directors of this Company recognize the valuable services which W. R. Olsen has rendered to it during the last several years apart from the usual duties and responsibilities of his position; NOW, THEREFORE, BE IT RESOLVED that the officers of this corporation, and each of them, in the name and on behalf of this corporation, hereby are authorized to pay to the widow of W. R. Olsen, namely, Mrs. Hazel Dart Olsen, $5,000.00 by reason of his death, said amount to be payable forthwith in cash. The corporation did not have any agreement with decedent that any such payment would be made in the event of his death. Also, it had no general plan or policy for making payments to widows of its officers or employees; although it had, on one previous occasion, made such a payment to the widow of one of its vice-presidents. The petitioner-widow was not required to, and did not, perform any services *199 for the corporation in connection with said $5,000 payment. The corporation, in its 1955 income tax return, deducted said $5,000 payment to the petitioner-widow, under the category of "Other deductions"; and it referred to said deduction in a supporting schedule as "Miscellaneous." The petitioners, in their joint income tax return for the year 1955, treated the abovementioned $13,623.65 which the petitioner-widow had received from the trustee of the profit-sharing trust, and the above-mentioned $5,000 which she had received directly from the corporation, as follows: (1) They treated the $13,623.65 distribution from the trustee, as an "employee's death benefit" within the meaning of section 101(b)(1) of the 1954 Code; deducted therefrom the sum of $5,000, representing the maximum exclusion allowable under section 101(b)(2)(A); and reported the remainder of said distribution ($8,623.65) as taxable long-term capital gain. (2) They did not include in income, any portion of the $5,000 which the petioner-widow had received directly from the corporation; but instead they attached an explanatory statement to the effect that this amount was received "as a gratuity in recognition of *200 past services of said W. R. Olsen [the decedent]"; and that they regarded the same to be nontaxable. Ultimate Findings The dominant reason for the corporation's action in making the $5,000 payment to the petitioner-widow was that the decedent had rendered valuable services to the corporation, in the performance of unusual duties and responsibilities over a long period of years; and the payment proceeded primarily from the constraining force of a moral duty. Said payment was not intended to be, and does not constitute, a "gift" within the meaning of section 102(a) of the 1954 Code. Opinion The issue here presented is substantially the same as that which was before this Court in the recent case of Estate of Mervin G. Pierpont, 35 T.C. 65, now pending on appeal to the Court of Appeals for the Fourth Circuit. It is our view that the principles therein announced are here applicable. In said case, we pointed out that the Supreme Court, in Commissioner v. Duberstein, 363 U.S. 278 (June 13, 1960), had dealt with the vexatious and frequently recurrent question as to what the guiding criteria should be in determining whether a specific transfer without *201 consideration, constitutes a "gift" within the meaning of the pertinent statutory provision. [1] And we there concluded that, although the Supreme Court had declined to lay down the new "test" urged by the Government, its opinion had gone a long way toward bringing the problem back into proper focus, thereby clarifying and developing the law in this troublesome area. We also pointed out in the Pierpont case, that the Supreme Court had noted, in its opinion in the Duberstein case, that a voluntary transfer (363 U.S. 278, 285) "without any consideration or compensation therefor, though a common-law gift, is not necessarily a 'gift' within the meaning of the statute"; and that the Supreme Court further stated (pp. 285-286): And, importantly, if the payment proceeds primarily from "the constraining force of any moral or legal duty," or from "the incentive of anticipated benefit" of an economic nature, Bogardus v. Commissioner, 302 U.S. 34, 41, it is not a gift. And, conversely, "[where] the payment is in return for services rendered, it is irrelevant that the donor derives no economic benefit from it." Robertson v. United States, 343 U.S. 711, 714. *202 A gift in the statutory sense, on the other hand, proceeds from a "detached and disinterested generosity," Commissioner v. LoBue, 351 U.S. 243, 246; "out of affection, respect, admiration, charity or like impulses." Robertson v. United States, supra, at 714. And in this regard, the most critical consideration, * * * is the transferor's "intention." Bogardus v. Commissioner, 302 U.S. 34, 43. 'What controls is the intention with which payment however voluntary, has been made.' * * *
* * * We take it that the proper criterion, established by decision here, is one that inquires what the basic reason for his [the transferor's] conduct was in fact - the dominant reason that explains his action in making the transfer. * * * Applying the foregoing guiding principles in the instant case, we are convinced from our consideration and weighing of all the evidence herein (and we have hereinabove found as an ultimate fact), that the *203 dominant reason for the action of Super Valu Stores, Inc., in making the $5,000 payment to the petitioner-widow was that the decedent had rendered valuable services to the corporation in the performance of unusual duties and responsibilities over a long period of years; and that the payment proceeded primarily from the "constraining force of [a] moral * * * duty." This conclusion finds support in the wording of the resolution made by the corporation's board of directors at the time when the payment was authorized; and also in the statement made by the petitioners in their return, that such payment was "in recognition of past services of said W. R. Olsen [the decedent]." It may be noted also, for what it is worth, that the corporation deducted said payment as a "miscellaneous" expense on its return. We have concluded also that petitioners have failed to carry their burden of establishing that the corporation's "dominant reason" for making the payment proceeded from a "detached and disinterested generosity," and "out of affection, respect, admiration, charity or like impulses." We think it unnecessary, in view of the classification of this general subject by the opinion in the *204 Duberstein case, to discuss the numerous decisions heretofore entered (either prior to said opinion or without consideration of the principles therein set forth) which have dealt with payments by employers to widows of deceased employees. As we said in the Pierpont case, supra: "[Each] case must turn upon its own record, since we think it plain under the Duberstein opinion that there is no 'rule of law' or litmus paper test that provides an automatic answer in such cases." We believe that each specific case must be decided on its own particular facts, as appraised in the light of the principles expounded in the Duberstein opinion. In addition, we think that Reed v. United States, 177 F. Supp. 205, affd. without discussion, 277 F.2d 456, and Cowan v. United States, - F. Supp. , are each distinguishable on its facts. We hold, on the basis of all the foregoing, that the $5,000 payment to the petitioner-widow, was not intended to be, and did not constitute, a "gift" within the meaning of section 102(a) of the 1954 Code. We further hold, in conformity with the above-mentioned alternative position of petitioners and respondent's above-mentioned agreement *205 therewith, that the maximum exclusion in respect of "employees' death benefits" which is provided by section 101(b)(2)(A) of the 1954 Code, should, in the recomputation under Rule 50, be applied in its entirety against said $5,000 payment from the corporation; and that none of such exclusion should be applied against the amount of the distribution which the petitioner-widow received from the trustee of the profit-sharing trust. Decision will be entered under Rule 50. Footnotes
1. Internal Revenue Code of 1954. SEC. 102. GIFTS AND INHERITANCES. (a) General rule. - Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance.↩