Grace P. REED, Individually,
and
Grace P. Reed and The Louisville Trust Company, Co-executors of the Will of William M. Reed, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 3625.

United States District Court
W. D. Kentucky.

Jan. 16, 1959.

Squire R. Ogden, Louisville, Ky., for plaintiff.

J. Leonard Walker, U. S. Atty., and Charles M. Allen, Asst. U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

1. Findings of Fact

1. The plaintiff, Grace P. Reed, is a citizen of the United States and resides in Jefferson County in the Western District of Kentucky. The plaintiff, The Louisville Trust Company, is a Kentucky corporation and maintains its office and principal place of business in Jefferson County in the Western District of Kentucky.

2. Grace P. Reed's husband, William M. Reed, died on February 2, 1956, and plaintiffs qualified as co-executors of his will pursuant to an order entered by the Jefferson County, Kentucky, Court, Probate Division, on February 8, 1956.

3. For approximately thirty years prior to his death William M. Reed had been an officer and a director of American Air Filter Company, Inc. (Air Filter). He was Air Filter's president until he became, shortly before his death, chairman of its board of directors. The compensation he earned and was paid for all of his services to Air Filter consisted entirely of (a) an annual salary of $50,000, payable in twelve monthly installments, and (b) an annual bonus the amount of which was computed each year by the use of a formula. For the three months immediately preceding his death he earned a bonus in an amount estimated by Air Filter's management and said amount was paid to the executors of William M. Reed.

4. The aggregate amount of the salary and bonus of William M. Reed constituted compensation for all services he rendered to Air Filter, and it had no ob-

ligation to compensate for any of such services in addition to such salary and bonus.

5. Prior to his death Air Filter paid to William M. Reed all sums of money owed to him either as salary or bonus, for all services rendered by him to Air Filter, except the bonus as computed for the period immediately preceding his death, which amount was paid to his executors.

6. At the time of his death William M. Reed owned less than 5% of Air Filter's outstanding common stock.

7. On February 6, 1956, the following resolution was unanimously adopted by Air Filter's board of directors:

"Resolved, That as a material expression of sympathy and of kindness to Grace P. Reed, widow of William M. Reed, former President and Chairman of the Board of this Corporation at his death, and, motivated by a deep sense of appreciation and recognition of the past services of William M. Reed, as President and as Chairman of the Board, there shall be paid to said Grace P. Reed, personally, twelve (12) equal monthly payments of Four Thousand One Hundred Sixty-Six Dollars and Sixty-Seven Cents ($4,166.67), payable between February 2, 1956 and January 31, 1957."

8. Pursuant to such resolution Air Filter paid directly to Grace P. Reed the sum of $50,000 in twelve equal monthly payments of $4,166.67 each. Nine payments aggregating the sum of $37,500 were made to her during the fiscal year ended October 31, 1956, which sum plaintiffs herein claim was erroneously and illegally included by defendant as income subject to taxation in the joint Federal income tax return of William M. and Grace P. Reed for such fiscal year. The three remaining payments were made to her during the fiscal year ended October 31, 1957.

9. In Air Filter's fiscal year during which the sum of $37,500 was paid to Grace P. Reed the amount of Air Filter's gross sales (gross income) was $36,880,000, and its net profit was $2,386,000.

10. Grace P. Reed has never owned more than .0005% of Air Filter's outstanding common stock, has never been a director, officer or employee of Air Filter, has never rendered any services to it, and it was never obligated to pay her any compensation.

11. Prior to February 15, 1957, plaintiffs filed with defendant, in the office of its Director of Internal Revenue for the Louisville, Kentucky, District, the joint Federal income tax return of William M. and Grace P. Reed for their fiscal year ended October 31, 1956, and claimed a refund of an overpayment, of income taxes withheld and payments of estimated income taxes, in the aggregate amount of $16,343.97.

12. On June 28, 1957, plaintiffs received from defendant's said Director a Report of Individual Income Tax Audit Changes, in which defendant included as income subject to taxation the aforesaid sum of $37,500; computed a deficiency of $28,769.72; retained the amount of the aforesaid overpayment; and asserted that an additional tax was due in the sum of $12,425.75. The Report was based upon I.T. 4027, approved September 12, 1950, in which the Internal Revenue Service asserted that irrespective of any plan, voluntary or involuntary, definite or indefinite, all payments made by an employer to a widow of a deceased officer or employee constitute taxable income and are payments made in consideration of services rendered.

13. Plaintiffs notified defendant that the findings of its said Director were not accepted, and on July 15, 1957, paid under protest, and defendant collected, the sum of $12,736.39, which included the additional tax asserted to be due with interest thereon at the rate of 6% per annum from February 15, 1957, to July 15, 1957.

14. On October 10, 1957, plaintiffs filed in the aforesaid office their claim for refund in the aggregate sum of $29,080.36, made up of (a) the sum of $16,343.97, being the aforesaid overpayment with interest thereon at the rate of 6%

per annum from February 15, 1957, until paid, and (b) the sum of $12,736.39, being the aforesaid additional tax collected with interest thereon at the rate of 6% per annum from July 15, 1957, until paid. More than 6 months expired from the date of the filing of such claim for refund until this action was brought and defendant took no action or made any decision with respect to such claim.

15. Air Filter has no established plan or policy of making payments to widows of deceased officers and employees. When such payments have been made Air Filter has treated each case individually and has followed no regular practice as to the amount paid, the method of determining the amount paid, or the period during which the payments were made. In addition to the aforesaid payment to Grace P. Reed, Air Filter, since 1942, has made payments to the widows of three deceased officers and three deceased employees, as set forth in the following list:

1. McKee Greer, Treasurer, died March 31, 1942

| | |
|---|---|
| Monthly salary at date of death | $    833.34 |
| Monthly payment to widow | 416.66 |
| Total amount of monthly payments to widow | 5,000.00 |
| Period of payments to widow | 12 months |

2. Einar Johanson, Secretary, died May 17, 1945

| | |
|---|---|
| Monthly salary at date of death | $    500.00 |
| Monthly payment to widow | 500.00 |
| Total amount paid to widow | 3,000.00 |
| Period of payments to widow | 6 months |

3. Howard W. Pound, Vice-Pres., died Oct. 10, 1951

| | |
|---|---|
| Monthly salary at date of death | $ 1,375.00 |
| Monthly payment to widow | 1,375.00 |
| Total amount paid to widow | 16,500.00 |
| Period of payments to widow | 12 months |

4. J. R. Shelton, Accounting Clerk, died June 3, 1951

| | |
|---|---|
| Monthly salary at date of death | $    340.00 |
| Monthly payment to widow | 75.00 |
| Total amount paid to widow | 1,725.00 |
| Period of payments to widow | 23 months |

5. Charles Beatty, Sales Engineer, died Oct. 27, 1951

| | |
|---|---|
| Monthly salary at date of death | $    560.00 |
| Monthly payment to widow | 280.00 |
| Total amount paid to widow | 6,720.00 |
| Period of payments to widow | 24 months |

6. C. C. Sowerby, Mgr. Engine and Compressor Sales Dept., died Aug. 8, 1955

| | |
|---|---|
| Monthly salary at date of death | $    735.00 |
| Monthly payment to widow | 300.00 |
| Total amount paid to widow | 7,200.00 |
| Period of payments to widow | 24 months |

In each case Air Filter had paid the officer or employee, or his estate, all sums due as salary and bonus for services rendered. No consideration was given for or on account of any of the payments, and no such payment was made pursuant to any obligation, express or implied, owed by Air Filter to the officer or employee, to his estate, or to his widow. In addition to authorizing the aforesaid payments to Grace P. Reed, Air Filter's Board of Directors authorized the payments to the widows of Einar Johanson and Howard W. Pound.

16. No payments were made to the widow of John R. McConnell, who had been an officer of Air Filter for more than 25 years and who died on August 8, 1957, approximately 7 months after retirement as a vice president; and no payments were made to the widow of Robert W. Nelson, who died as an active vice president at the age of 48 on October 9, 1958.

17. Since prior to 1942 Air Filter has had in effect a group insurance plan, pursuant to which insurance benefits are paid to designated beneficiaries of officers and employees who die prior to retirement. Each of the deceased officers and employees referred to herein (including William M. Reed but excluding John R. McConnell) died before retirement, and the designated beneficiary of each received the group insurance benefit.

18. Air Filter's pension plan contains provisions to the effect that upon the death of an officer or employee who dies after he has retired, a death benefit is payable to his designated beneficiary; and that the amount of the benefit is equal to the amount of group insurance in effect immediately prior to retirement if the officer or employee dies within one month after retirement, and thereafter the benefit reduces 2% each month until a minimum is reached of one-third of the amount of such insurance. The death benefit is provided by the pension plan to compensate for loss of the group insurance benefit after retirement.

19. The payment by Air Filter to Grace P. Reed of the aforesaid sum of $37,500 was not intended to be, and was not, made in consideration of, or as additional compensation for, any services rendered to Air Filter by William M. Reed. Such sum was not paid pursuant to any obligation of any kind or nature, express or implied, owed by Air Filter to William M. Reed, to his estate, or to Grace P. Reed, and no consideration was given for or on account of such payment.

20. The payment by Air Filter to Grace P. Reed of the aforesaid sum of $37,500 was intended to be, and was, made as a material expression of sympathy, generosity and kindness to the widow of a deceased officer and employee.

21. After this action was commenced the Justice Department of defendant took the position that the aforesaid sum of $37,500 was taxable income by reason of the provisions of section 101(b), as amended in 1954, of the Internal Revenue Code, 26 U.S.C.A. § 101(b), and that plaintiffs were entitled to the benefit of the $5,000 exclusion referred to in that action. On October 22, 1958, defendant issued a Notice of Adjustment in which it asserted that an overassessment had been collected by defendant as a result of its failure to allow such exclusion, and there was refunded to plaintiffs the sum of $4,313.08, which consisted of the total overassessment, with interest thereon, as computed by defendant.

## II. Conclusions of Law

1. This is a civil action arising under the Internal Revenue Code of 1954. 68A Stat. 5 et seq. (1954), 26 U.S.C. sec. 1 et seq. The Court has jurisdiction of the subject matter and of the parties to the action. 68 Stat. 589 (1954), 28 U.S.C. §§ 1346, 2402.

2. The entire legal obligation of Air Filter for all services rendered to it by William H. Reed was discharged by the payment to him and to his estate of all sums earned by, and owed to, him as salary and bonus.

3. The payment of the aforesaid sum of $37,500 to Grace P. Reed was intended to be, and was, a gift to her by Air Filter within the meaning of the provisions of

section 102(a) of the 1954 Internal Revenue Code. 68A Stat. 28 (1954), 26 U.S.C. § 102(a). The amount of such gift was not includable in gross income and was erroneously and illegally added to the gross income reported in the joint return of William M. and Grace P. Reed for the fiscal year ended October 31, 1956.

4. Section 102(a) of the Internal Revenue Code of 1954 contains the provision (as did the comparable section, 22(b) (3), of the 1939 Code, 26 U.S.C.A. § 22 (b) (3)) that gross income does not include amounts received as gifts; and the meaning of that provision is not changed by the provisions of section 101 (b) of the 1954 Code. It is clear that the purpose of the latter section of the 1954 Code is to eliminate the requirement (contained in the comparable section, 22 (b) (1), of the 1939 Code) that certain employee death benefits must be paid pursuant to a contractual obligation in order for such benefits to qualify for a $5,000 exclusion from gross income. No part of the aforesaid gift to Grace P. Reed is, by reason of section 101(b), includable in taxable income; and such gift is not subject to the limitation of the $5,000 exclusion provided in that section.

5. In view of the conclusion in paragraph 4, supra, it becomes unnecessary to consider plaintiffs' allegation that Congress does not have the power under the Sixteenth Amendment to impose a direct and unapportioned tax on amounts received as gifts. U.S.Const., Art. I, sec. 2, cl. 3; Art. I, sec. 9, cl. 4; Amendment XVI.

6. Plaintiffs are entitled to recover from defendant for the fiscal year involved a sum equal to the income tax erroneously and illegally retained and collected by defendant as the result of the inclusion of the aforesaid $37,500 in taxable income of plaintiffs for the fiscal year ended October 31, 1956, together with interest at the rate of 6% per annum, on the portion retained from February 15, 1957, and on the portion collected from July 15, 1957, to a date not more than 30 days prior to the date of payment as provided in section 2411 of Title 28 of the United States Code; subject, however, to a credit equal to the amount of tax and interest heretofore refunded as set forth in paragraph 21 above.

7. The entry of judgment shall be withheld until the amount thereof has been computed by the parties in accordance with these findings and conclusions and the judgment has been approved by the Court.