**Mrs. Virginia Luty COWAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 6753.**

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 25, 1960.

Crenshaw, Hansell, Ware, Brandon & Dorsey, Atlanta, Ga., for plaintiff.

Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

This civil action was submitted to the Court by the parties without the intervention of a jury based on the record in the case and the full written briefs of the parties. The record in the case consists of:

1. the complaint filed on January 20, 1959,

2. the Defendant's answer filed on February 19, 1959,

3. stipulation of the facts by the parties filed on March 28, 1960,

4. the deposition of William L. Vance of April 25, 1960, taken on written interrogatories,

5. supplemental stipulation by the parties dated and filed August 23, 1960.

The matter has been carefully considered by the Court, and the following findings of fact are made and conclusions of law entered.

**I. Findings of Fact**

1. The plaintiff, Mrs. Virginia Luty Cowan, is a citizen of the United States and resides in Cobb County, in the Northern District of Georgia.

2. Mrs. Virginia Luty Cowan's husband, James R. Cowan, died on April 3, 1955.

3. From and since 1941, until his death, James R. Cowan had been an officer and director of The Georgia Marble Company, hereinafter called "Georgia Marble". He was Georgia Marble's President until he became, shortly before his death, Chairman of its Board of Directors. At the time of his death, he was receiving an annual salary from Georgia Marble in respect to the year 1955 amounting to $30,000, of which $7,-500 was paid to him for the period from January 1, 1955, to the time of his death. At the time of his death, no sums of money were owed by Georgia Marble to either James R. Cowan, his estate, or his widow, the plaintiff. Georgia Marble had no obligation to compensate for any services of James R. Cowan, except the sum of $7,500 which was paid to him for the part of the year 1955 in which he lived.

4. Georgia Marble had not paid any sums to widows of deceased employees or executives prior to April 3, 1955.

5. At the time of his death, James R. Cowan owned 1.158%, and the plaintiff owned 1.415%, of Georgia Marble's out-

standing common stock, being the only class of stock outstanding.

6. On April 8, 1955, the following was unanimously adopted by Georgia Marble's Board of Directors:

"We have lost a true friend and a magnetic leader. We share with his wife in the great bereavement which has fallen upon all of us and extend to her our love and sympathy.

"Therefore, Be It Resolved, That these sentiments be recorded in the minutes of the company and that an engrossed copy be furnished to Mrs. James R. Cowan.

"The matter of a suitable payment to Mrs. Cowan was discussed. It was the consensus that $30,000 should be paid to Mrs. Cowan, whereupon it was unanimously

"Resolved, That a death benefit of $5,000 be paid to Mrs. Virginia L. Cowan, widow of our beloved Chairman, James R. Cowan, over a period of four months, beginning April 15, 1955, in recognition of Mr. Cowan's invaluable service to this company.

"Further Resolved, That the sum of $25,000 be paid to Mrs. Virginia L. Cowan over a period of twenty months in equal installments aggregating $1,250 per month, beginning August 15, 1955, and concluding April 1, 1957, in recognition of the services of Mr. Cowan to this corporation."

7. Pursuant to such resolution, Georgia Marble paid directly to Mrs. Virginia Luty Cowan four monthly payments of $1,250 each, commencing on April 15, 1955, aggregating $5,000, in discharge of the resolution providing "a death benefit" of $5,000 to her. This said $5,000 has not been made the subject of an assessment by the Internal Revenue Service.

8. Pursuant to such resolution, Georgia Marble also paid to Mrs. Virginia Luty Cowan the sum of $6,250 in 1955; the sum of $15,000 in 1956; and the sum of $3,750 in 1957. Such payments were made in monthly installments of $1,250 each, in accordance with the said resolution. The twenty monthly payments commencing on August 15, 1955, aggregated the sum of $25,000, which sums plaintiff claims were erroneously and illegally included by defendant as income subject to taxation against her for the years 1955, 1956 and 1957.

9. In 1955, 1956 and 1957 the net earnings of the company were in excess of $1,500,000, after taxes, for each year.

10. Mrs. Virginia Luty Cowan has never owned more than 1.415% of Georgia Marble's outstanding common stock, has never been a director, officer or employee of Georgia Marble, has never rendered any services to it, and it was never obligated to pay her any compensation.

11. For the years 1955, 1956 and 1957 the said twenty payments commencing on August 15, 1955, were included as taxable income by the District Director of Atlanta, where plaintiff had filed her income tax returns, asserting deficiencies in income taxes against plaintiff as follows:

| 1955 | $3,265.98, plus interest |
| 1956 | 6,769.77, plus interest |
| 1957 | 1,613.78, plus interest |

12. For the year ending 1955, on February 26, 1958 plaintiff paid a deficiency assessment for income tax of $3,265.98, and interest of $326.60 on December 4, 1957, and interest of $4.02 on February 26, 1958, thereby totalling in respect of such deficiency for 1955 the sum of $3,596.60.

13. For 1956, plaintiff paid a deficiency assessment of tax and interest aggregating $7,106.02.

14. For 1957, plaintiff paid a deficiency assessment of tax of $1,613.78.

15. Plaintiff timely filed claims for refund in respect thereof, all of which have been disallowed in full by the District Director of Internal Revenue Service of Atlanta.

16. The payment by Georgia Marble to Mrs. Virginia Luty Cowan of the

aforesaid sum of $25,000 was not intended to be, and was not, made in consideration of, or as additional compensation for, any services rendered to Georgia Marble by James R. Cowan. Such sum was not paid pursuant to any obligation of any kind or nature, express or implied, owed by Georgia Marble to James R. Cowan, to his estate, or to Mrs. Virginia Luty Cowan, and no consideration was given for or on account of such payment.

17. The payment by Georgia Marble to Mrs. Virginia Luty Cowan of the aforesaid sum of $25,000 was intended to be, and was, made as a material expression of sympathy, generosity and kindness to the widow of a deceased officer and employee.

## II. Conclusions of Law

1. This is a civil action arising under the Internal Revenue Code of 1954. 68A Stat. 5 et seq. (1954), 26 U.S.C. § 1 et seq. The Court has jurisdiction of the subject matter and of the parties to the action. 68 Stat. 589 (1954), 28 U.S.C. §§ 1346, 2402.

2. The entire legal obligation of Georgia Marble for all services rendered to it by James R. Cowan was discharged by payment to him of all sums earned by, and owed to, him as salary, and there was no bonus.

3. The payment of the aforesaid sum of $25,000 to Mrs. Virginia Luty Cowan was intended to be, and was, a gift to her by Georgia Marble within the meaning of the provisions of section 102(a) of the 1954 Internal Revenue Code. 68A Stat. 28 (1954), 26 U.S.C. § 102(a). The amount of such gift was not includible in gross income and was erroneously and illegally added to the gross income reported in the return of Mrs. Virginia Luty Cowan for the years 1955, 1956 and 1957.

4. Section 102(a) of the Internal Revenue Code of 1954 contains the provision (as did the comparable section, 22(b) (3), of the 1939 Code, 26 U.S.C.A. § 22(b) (3)) that gross income does not include amounts received as gifts; and

the meaning of that provision is not changed by the provisions of section 101 (b) of the 1954 Code. It is clear that the purpose of the latter section of the 1954 Code is to eliminate the requirement (contained in the comparable section, 22(b) (1), of the 1939 Code) that certain employee death benefits must be paid pursuant to a contractual obligation in order for such benefits to qualify for a $5,000 exclusion from gross income. No part of the aforesaid gift to Mrs. Virginia Luty Cowan is, by reason of section 101(b), includible in taxable income; and such gift is not subject to the limitation of the $5,000 exclusion provided in that section.

5. In view of the conclusion in paragraph 4, supra, it becomes unnecessary to consider plaintiff's allegation that Congress does not have the power under the Sixteenth Amendment to impose a direct and unapportioned tax on amounts received as gifts. U.S.Const., Art. I, Sec. 2, cl. 3; Art. I, Sec. 9, cl. 4; Amendment XVI.

6. This Court is of the opinion that the decision of the courts in Reed v. United States, D.C., 177 F.Supp. 205, as affirmed sub nom. United States v. Reed et al., 6 Cir., 1960, in 277 F.2d 456, is correct.

7. Plaintiff is entitled to recover from defendant for each of the years involved a sum equal to the income tax erroneously and illegally retained and collected by the defendant as the result of the inclusion of $6,250 in taxable income of plaintiff for 1955, $15,000 in taxable income of plaintiff for 1956 and $3,250 of taxable income of plaintiff for the year 1957, together with interest at the rate of six per cent. per annum on the portion retained from the dates of payment to a date not more than thirty days prior to the date of payment by the defendant as provided in Section 2411 of Title 28 of the United States Code.

## III. Judgment

It is hereby ordered, adjudged and decreed that plaintiff do have and recover of the defendant the sums illegally and

erroneously collected from plaintiff as aforesaid, with interest at the rate provided by law from the time of the respective payments, and with no costs on plaintiff.