**UNITED STATES of America,**
**Appellant,**

v.

**Hazel B. KASYNSKI, formerly Hazel B. Ainsworth, Appellee.**

**No. 6343.**

United States Court of Appeals
Tenth Circuit.

Nov. 1, 1960.

James P. Turner, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Howard A. Heffron, Attys., Dept. of Justice, Washington, D. C., Donald G. Brotzman, U. S. Atty., and Richard P. Matsch, Asst. U. S. Atty., Denver, Colo, were with him on the brief), for appellant.

James H. Turner, Denver, Colo., for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question is whether payments made to appellee, Kasynski, herein referred to as taxpayer, by the company of which her husband was president prior to his death were excludable gifts under § 22(b)(3) of the Internal Revenue Code of 1939 and § 102(a) of the 1954 Code or gross income within the meaning of § 22 (a) of the 1939 Code and § 61(a) of the 1954 Code, 26 U.S.C.A. §§ 22(a), (b)(3), 61(a), 102(a). The taxpayer reported these payments as income but subsequently filed a claim for refund of the taxes paid and this suit followed. The court below, holding that part of the sums paid was a gift and part was income, gave judgment for the taxpayer and the United States appeals.

The taxpayer was formerly the wife of A. W. Ainsworth who, before his death on February 18, 1952, was president of Wm. Ainsworth and Sons, Inc., a family-controlled Colorado corporation, at an annual salary of $30,000. Prior to her husband's death the taxpayer had been a stockholder, director, and secretary of the corporation receiving $1,800 annually for her services as secretary. On March 11, 1952, the Board of Directors of the corporation adopted the following resolution:

"That this corporation pay to Hazel B. Ainsworth, in recognition of the services rendered by her husband, A. W. Ainsworth, to this corporation, and in conformity with the regulations of the Treasury Department, and particularly Regulation 111, Section 29.23 (a–9), the sum of $2,500.00 per month, being the basic salary of her husband, for a period of two years beginning with March 1, 1952, and that during the period said payment was being paid to Mrs. Ainsworth, that this corporation discontinue the monthly salary now being paid to her as Secretary of the corporation."

Pursuant to this resolution, $60,000 was paid to the taxpayer over the years 1952, 1953, and 1954 at the rate of $2,500 monthly. The trial court found that a portion of this amount was for services rendered.[1] The balance was held to be an

---

1. This accords with the testimony of the attorney for the company, who was also a director, that the $30,000 annual payment was to include what was due tax-

excludable gift. Judgment was entered in favor of the taxpayer in the amount of $21,990.77.

The Government contends that the finding of a gift is unsupported by the evidence and is clearly erroneous because the payments were for services rendered by taxpayer's husband and because the record fails to show that the corporation's dominant reason for the payments was generosity, affection, charity or like impulses.

Both parties derive comfort from Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 1195, 4 L.Ed.2d 1218, decided since the entry of judgment in the case at bar. That decision disposed of two cases involving alleged gifts which the taxpayers contended should be excluded from gross income. Duberstein gave information as to potential customers to a corporation with which he had done business. The information proved helpful and the corporation gave Duberstein a Cadillac automobile as a present. The Tax Court found that the only justifiable inference was that the automobile was intended as remuneration for services rendered and affirmed the assessment of a deficiency. The Court of Appeals disagreed but the Supreme Court upheld the Tax Court. The other case involved one Stanton who, upon the termination of his services for a corporation, was paid $20,000 as a gratuity "in appreciation of the services rendered." Upon the assessment of a deficiency Stanton paid the tax and sued for its recovery. Judgment in his favor was reversed by the Court of Appeals. The Supreme Court deemed the findings of fact of the trial court to be inadequate and remanded the case to that court for further proceedings.

█ Duberstein rejected the Government's proposed test that "[g]ifts should be defined as transfers of property made for personal as distinguished from business reasons" and held that "primary weight in this area must be given to the conclusions of the trier of fact," with appellate review limited in a case such as this, tried by a judge without a jury, to a determination of whether the judge's findings are clearly erroneous. We take this to mean that no inflexible legal test can be applied in the determination of what is an excludable gift and that every case must stand upon its own facts.

The instant case was submitted on a stipulation of facts, the testimony of three of the directors, and certain exhibits consisting of income tax returns and corporate minutes. Whatever dispute there is relates to inferences drawn from the facts rather than the facts themselves.

Ainsworth, who had been an officer of the corporation for 30 years prior to his death, had been paid for all services rendered by him. The payments in question were not made to Ainsworth's estate but to his widow. These payments were made in recognition and appreciation of the services which he had rendered. The corporation was under no obligation to make the payments and did so voluntarily. The taxpayer was not required to render services or give anything of value in return for the payments. The corporation had no plan, policy or custom of making payments to widows of its deceased officers or employees. The corporation did not carry the payments on its books as salary and did not deduct social security or withholding taxes but did claim a deduction on its tax returns on account of such payments. Three directors testified that they intended the payments to be a gift to the taxpayer.

██ In rejecting the test suggested by the Goverment, the Supreme Court in Duberstein did recognize certain guiding principles which should be applied to the facts in determining whether there was a gift. A transfer without consideration is not necessarily a gift within the mean-

---

payer for services rendered as secretary. The compensation for such services was determined to be $150 per month for 10 months of 1952 and all of 1953 and $650 monthly for two months of 1954. The United States does not question these amounts.

ing of the statute. If the payment proceeds primarily from the impulsion of a moral or legal duty or from the incentive of an anticipated economic benefit, it is not a gift. If the transfer results from a " 'detached and disinterested generosity' " arising " 'out of affection, respect, admiration, charity or like impulses,' " it is a gift.[2] The most critical consideration is the transferor's intention. This requires an objective inquiry in which the hopes and expectations of tax treatment are immaterial. The proper criterion requires determination of the dominant reason for the transfer.[3]

The argument of Government counsel resolves itself into the concept that a corporation cannot and may not have the personalized feelings which are required by the principles recognized in Duberstein. This is but a reargument of the Government contention that a gift must be made for "personal rather than business reasons." In Duberstein, each of the transferors was a corporation and the court, after commenting that under the proposed Government test there could ordinarily be no such thing as a gift by a corporation within the purview of the tax statutes, declined to accept the vagaries of local corporate law as a determinative factor.[4]

■ Against this background we must decide whether the findings of the trial court are clearly erroneous. The key is the intention of the transferor and the court held that the intent was to make a gift. That is a reasonable inference from the factual pattern which is presented. For us to hold otherwise would be the substitution of our inference for the inference drawn by the trier of the facts. This we may not do.[5] On a review of the entire record we do not have "the definite and firm conviction that a mistake has been committed." [6]

■ This exhausts the limits of appellate review if it were not for the claim of the Government that the findings are insufficient to satisfy the requirements of Rule 52(a), F.R.Civ.P., 28 U.S.C.A., because they do not reveal the reasons which persuaded the court to hold that there was a gift. In support of this point the Government again relies on Duberstein which held that the lower court findings as to the gift to Stanton were inadequate and remanded the case for further proceedings. There, the Court made only oral findings as to the transfer to Stanton and in so doing found in a general and conclusory manner that the transfer was a gift. Here we have carefully prepared written findings analyzing the transactions, discriminating between payments made for services rendered and payments made for another purpose, and finding that the payments made for this other purpose were "intended as a gift." This was an express recognition of the dominant criterion approved by Duberstein. Elaboration by the court of the reasons which persuaded it to find such intent would have been a violation of the rule against prolixity, and Duberstein directs that prolixity should be avoided.[7] The findings indicate "the legal standard with which the trier of fact has approached his task." [8]

Affirmed.

2. 363 U.S. 285, 80 S.Ct. 1197.

3. Ibid., 363 U.S. at page 286, 80 S.Ct. at page 1197.

4. Ibid., 363 U.S. at page 288, 80 S.Ct. at page 1198.

5. Homestake Mining Company v. Mid-Continent Exploration Company, 10 Cir., 282 F.2d 787, and cases cited in footnote 15.

6. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, rehearing denied 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147.

7. Commissioner of Internal Revenue v. Duberstein, supra, 363 U.S. at page 292, 80 S.Ct. at page 1200.

8. Ibid.