**Florence G. RICE, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 60–C–49.

United States District Court
E. D. Wisconsin.
Aug. 29, 1961.

Richard L. Greene, Robert J. Kalupa, and Alfred A. Heon, Milwaukee, Wis., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., and Lyle M. Turner, Jerome Fink, and Daniel M. Dwyer, Attys. Dept. of Justice, Washington, D. C., and James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action to recover income taxes paid for the years 1955, 1956, and 1957 in a total amount of $22,021.37. In issue are the tax consequences of employer payments to the widow of a deceased employee.

The facts as stipulated by the parties follow. Plaintiff, Florence G. Rice, a resident of Wauwatosa, Wisconsin, is the widow of Paul F. Rice who died on October 10, 1954. Paul F. Rice was the founder of two Wisconsin corporations, Milwaukee Chaplet & Mfg. Company, Inc. and Milwaukee Chaplet and Supply Corporation. At the time of his death, he was chairman of the board of the former and president of the latter corporation, and had served them and their predecessors for thirty-four years. Paul F. Rice had received all compensation owed him for services performed for the above corporations. Neither of said corporations was under any legal obligation to pay his widow or his estate any additional compensation in respect to services rendered by him prior to his death. The widow, Mrs. Rice, who was a director in both corporations, was not an officer or employee thereof and had rendered no services which would have entitled her to compensation.

At meetings held on November 24, 1954 and April 10, 1956, the board of directors of said corporations duly adopted certain resolutions determining that said corporations make monthly payments to Mrs. Rice. Mrs. Rice was present at these meetings, but she did not vote on the resolutions.

Mrs. Rice received payments pursuant to the corporate resolutions in her re-

spective taxable years, 1954 through 1957, in a total amount of $30,645.01. She excluded these amounts from gross income in her federal income tax returns for the years in question. Additionally, Mrs. Rice received separate contractual payments from the corporations in the amount of $10,000 in the year 1955 and excluded $5,000 of this sum from her income on her federal income tax return for the year 1955.

The Commissioner of Internal Revenue determined that the foregoing amounts which Mrs. Rice had received under the corporate resolutions constituted taxable income to her and assessed deficiencies for the years 1955, 1956, and 1957. These deficiencies were paid, and timely claims for refund were filed.

Two members of the board of directors of both corporations who were present at the meetings held on November 24, 1954 and April 10, 1956, testified as to the nature and circumstances of the payments to Mrs. Rice authorized by resolutions adopted at said meetings. One of the witnesses was a long time friend of the deceased; the other was the son of Paul F. and Florence G. Rice. Their testimony shows that Paul F. Rice had been held in high esteem and affection by the officers and employees of both corporations who were deeply grieved at his death. Prompted by these feelings and the sense of their loss and Mrs. Rice's bereavement, the members of the board of directors undertook the payments to Mrs. Rice as a token of sympathy and appreciation. The members of the board of directors of the two corporations were familiar with Mrs. Rice's situation and knew that she was not in financial need or distress following the death of Paul F. Rice.

The witnesses further testified that death benefits were paid by the corporations to the beneficiary of the only key employee who had died in the period of 1952 to 1954, prior to the death of Paul F. Rice. No such benefits were paid in respect to other personnel. These witnesses personally intended the payments as gifts to Mrs. Rice. The corporations treated these payments as salary allowances on their respective tax returns, although in one instance the payments were designated as a widow's allowance.

Defendant contends that the payments to Mrs. Rice are employee death benefits, taxable in excess of the $5,000 exclusion provided under § 101 of the Internal Revenue Code of 1954, 26 U.S.C.A.[1] Further, defendant submits that apart from § 101, the payments are in the nature of compensation and not gifts as claimed by plaintiff. Consequently, the payments should constitute taxable income rather than qualify as exclusions from gross income under § 102(a) of the Internal Revenue Code of 1954, 26 U.S.C.A.[2]

The first inquiry before the court goes to the nature of the payments to Mrs. Rice. Whether or not the payments constitute a gift within the statutory meaning of this term is a question of fact to be determined from an objective inquiry into the payor's intent and into the substance of the payments in each case. Commissioner of Internal Revenue v. Duberstein, 1960, 363 U.S. 278, 286, 80 S.Ct. 1190, 4 L.Ed.2d 1218; United States v. Kasynski, 10 Cir., 1960, 284 F. 2d 143, 146.

Uncontroverted evidence establishes the presence in this case of generally accepted factors necessary to support a finding that the payments to Mrs. Rice were in the nature of a gift. The persons who authorized the payments testified that it was their intention to make a gift to the widow and that they were prompted in their actions by feelings of gratitude, affection, respect, and sense of loss. Similar motives have been

---

1. The argument advanced initially by the defendant that this section limits to $5,-000 any exclusion from income of a widow's death benefit has been abandoned by defendant.

2. "§ 102. *Gifts and inheritances*
 "(a) *General rule.*—Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance."

acknowledged as indicating the requisite donative intent in numerous cases.[3] The language of the resolutions prepared by counsel for the corporations is consistent with the expressed intentions of the members of the board of directors who determined that the payments be made to Mrs. Rice.

There is no evidence indicating that these payments constituted compensation or that they were supported by consideration to the payors to negate the gratuitous character of the payments. It has been stipulated that the corporations were under no legal obligation to pay additional compensation to Mrs. Rice. Paul F. Rice had been fully paid for all services he had rendered prior to his death, and Mrs. Rice had never performed any services for said corporations.

■ A single instance of payment of death benefits in respect to a key employee prior to the death of Paul F. Rice does not constitute a policy of making such payments. It may, therefore, not be concluded that the corporations had a moral obligation to pay death benefits in pursuance of an established policy or that Paul F. Rice rendered services during his lifetime in consideration of anticipated benefits to his widow. The facts of the instant case do not bring it within the rule of Simpson v. United States, 7 Cir., 1958, 261 F.2d 497, certiorari denied 359 U.S. 944, 79 S.Ct. 724, 3 L.Ed.2d 677, where the employer-corporation's long established death benefit policy was a determinative factor in the court's decision that the payments to the widow were in the nature of additional compensation.

■ Other factors relied on in the Simpson case which are present here, i. e., payments measured in terms of the deceased employee's salary and the corporate characterization of the payments as salaries, cannot serve to convert a voluntary gratuity into compensation or into a transfer of money upon consideration. See Reed v. United States, D.C.W.D.Ky.1959, 177 F.Supp. 205, affirmed sub nom. United States v. Reed, 6 Cir., 1960, 277 F.2d 456; and United States v. Kasynski, 10 Cir., 1960, 284 F.2d 143. Similarly, the donative character of the payments is not negated by "vagaries of local corporate law" [4] or by the donor's choice of tax treatment of a payment having the essential attributes of a gift. Commissioner of Internal Revenue v. Duberstein, 1960, 363 U.S. 278, 288, 80 S.Ct. 1190, 4 L.Ed.2d 1218; Bounds v. United States, 4 Cir., 1958, 262 F.2d 876, 882.

■ The recent decision of Estate of Mervin G. Pierpont v. Commissioner of Internal Revenue, 35 T.C. 65 (1960), and cases following its holding show a change in the tax court's interpretation of the term "gift" as used in the Internal Revenue Code. It is the opinion of this court that Commissioner of Internal Revenue v. Duberstein, supra, relied on in the Pierpont case, reaffirms previous principles rather than proposes new rules governing the determination whether corporate transfers constituted gifts for the purposes of the Internal Revenue Code. Accordingly, where, as in the instant case, there has been a showing of donative intent and where an objective inquiry reveals the substance of the transaction as consistent with the transferor's intention, the payment in question qualifies as a gift.

The transferor's characterization of the payments as "in recognition" of services rendered by the deceased employee is not inconsistent with a donative intent based on motives of generosity, affection, and admiration. There can be

3. Commissioner of Internal Revenue v. Duberstein, 1960, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218; United States v. Kasynski, 10 Cir., 1960, 284 F.2d 143; Cowan v. United States, D.C.N.D.Ga. 1960, 191 F.Supp. 703; Reed v. United States, D.C.W.D.Ky.1959, 177 F.Supp.

205, affirmed sub nom. United States v. Reed, 6 Cir., 1960, 277 F.2d 456; Hellstrom v. Commissioner, 24 T.C. 916; Friedlander v. United States, D.C.E.D. Wis.1958, 196 F.Supp. 631.

4. United States v. Kasynski, 10 Cir., 1960, 284 F.2d 143, 146.

no "compensation," additional or otherwise, in the sense in which this term is used here, unless there is an equivalent to be recompensed. Further, a charitable impulse based on the widow's need may be one of several motivating factors in these cases. It does not follow that corporate gifts can be made only to the impecunious and needy. Cf. Estate of Mervin G. Pierpont v. Commissioner of Internal Revenue, 35 T.C. 65 (1960).

It remains to determine whether death benefits in the nature of a gift to the widow are wholly excludable from gross income under § 102(a) or whether they constitute taxable income to the donee in excess of the $5,000 exclusion provided under § 101(b).

It would seem that the payments to Mrs. Rice fall directly within the language of § 101(b) (1) as " * * * amounts * * * paid by * * * an employer * * * by reason of the death of the employee." Notwithstanding the apparent applicability of the section, it is the conclusion of the court that the payments to Mrs. Rice, found to have been in the nature of a gift, are wholly excludable from gross income as "property acquired by gift" under § 102(a).[5]

The earlier version of § 101(b)—§ 22 (b) (1) (B) of the 1939 Code, 26 U.S.C.A. § 22(b) (1) (B)—provided for an exclusion of $5,000 only in the case of contractual death benefits. The provision that said benefits be made pursuant to contract was eliminated from the statute under the 1954 Code in § 101(b). There is no indication that Congress intended to deprive employer gifts to widows of employees of their status of total exclusion previously enjoyed under § 22(b) (3) of the 1939 Code, now § 102 (a) of the 1954 Code, by extending the benefit of the $5,000 exclusion to noncontractual death benefits. Similar conclusions have been reached by other courts. Reed v. United States, D.C.W.D.Ky.1959, 177 F.Supp. 205, affirmed sub nom.

United States v. Reed, 6 Cir., 1960, 277 F.2d 456; Cowan v. United States, D.C. N.D.Ga.1960, 191 F.Supp. 703, 705; Frankel v. United States, D.C.D.Minn. 1961, 192 F.Supp. 776.

There is ambiguity as to the proper generic classification of these payments as gifts or as employee death benefits, since there may be various further divisions under the latter category such as contractual and noncontractual obligations as well as gift benefits. The principle of statutory construction whereunder general language of a statutory provision yields to specific treatment of the matter in other portions of the same enactment is not applicable. As the court observed in the Frankel case where defendant raised a similar contention, the matter of gift-employee death benefits is not "sufficiently 'specifically dealt with'" (192 F.Supp. at page 778) in § 101(b) as modified by the elimination of the prior contractual qualification.

The court hereby adopts the stipulation of facts as its findings of fact. Additional findings of fact are as follows:

1. The employer corporations intended to make a gift of the payments in question to Mrs. Rice.

2. The payments were not in the nature of compensation owing by the employer corporations.

3. The employer corporations had no legal or moral obligation to make said payments.

4. The transfer of money from the employer corporations to Mrs. Rice was without consideration.

The court's conclusions of law are as follows:

1. The court has jurisdiction of the subject matter and of the parties. 28 U.S.C.A. § 1346.

2. The payments to Mrs. Rice constituted gifts wholly excludable from gross income for purposes of the federal

---

5. See comments on this statute in Rodner v. United States, D.C.S.D.N.Y.1957, 149 F.Supp. 233, 237, and Bounds v. United States, 4 Cir., 1958, 262 F.2d 876, 878, note 2, both cases arising under prior statutes.

**228**

income tax laws. 26 U.S.C.A. § 102 (a).

3. Plaintiff is entitled to a refund of taxes paid pursuant to erroneously assessed deficiencies in respect to said payments.

Counsel for plaintiff is hereby directed to prepare an order for judgment and judgment in accordance with this decision, submitting them to defendant's counsel for approval as to form and arithmetical computation of the refund only.