302 F.2d 671
 62-1 USTC P 9452
 ESTATE of W. R. OLSEN, Deceased, Kenneth M. Owen and First
National Bank of Minneapolis, Co-Executors, and
Hazel D. Olsen, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 16884.
 United States Court of Appeals Eighth Circuit.
 May 4, 1962.
 
 Robert J. Johnson, of Dorsey, Owen, Barber, Marquart & Windhorst, Minneapolis, Minn., made argument for petitioners, and John W. Windhorst and Paul G. Zerby, Minneapolis, Minn., were with him on the brief.
 Daniel K. Mayers, Atty., Dept. of Justice, Washington, D.C., made argument for respondent, and Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, John B. Jones, Jr., and Earl J. Silbert, Attys., Dept. of Justice, Washington, D.C., were on the brief.
 Before SANBORN and MATTHES, Circuit Judges, and GRAVEN, District judge.
 SANBORN, Circuit Judge.
 
 
 1
 The petitioners seek a review and reversal of an unreported decision of the Tax Court, filed May 31, 1961, holding that a $5,000 payment made October 27, 1955, to Hazel D. Olsen, the widow of W. R. Olsen, by Super Valu Stores, Inc., the corporation of which he was an officer and director, was not a nontaxable gift to the widow within the meaning of Section 102(a) of the Internal Revenue Code of 1954, 26 U.S.C. 1958 ed. 102(a).[1]
 
 
 2
 The evidentiary facts are undisputed. W. R. Olsen died September 12, 1955, at the age of 67. He was then secretary-treasurer of Super Valu Stores, Inc. He had been in its employ for more than 23 years. Compensation for his services was paid in full by the corporation up to the time of his death. He owned 3,338 of the 181,479 shares of the common capital stock of the corporation. His wife owned 336 shares, and his son 150. There was no promise or agreement between Mr. Olsen and the corporation that his wife should, upon his death, receive any payment from it. It had no plan or policy of making payments to widows of deceased officers or employees. It had on one prior occasion made a payment to a widow of a vice-president. Mrs. Olsen was not an employee of the corporation, and performed no services for it in connection with the payment in suit.
 
 
 3
 The resolution authorizing the payment was adopted at a special meeting of the Board of Directors of the corporation held on October 25, 1955, and reads as follows:
 
 
 4
 'WHEREAS, the death of William R. Olsen constitutes a severe loss to the best interests of this Company; and
 
 
 5
 WHEREAS, the Board of Directors of this Company recognize the valuable services which W. R. Olsen has rendered to it during the last several years apart from the usual duties and responsibilities of his position;
 
 
 6
 'NOW, THEREFORE, BE IT RESOLVED that the officers of this corporation, and each of them, in the name and on behalf of this corporation, hereby are authorized to pay to the widow of W. R. Olsen, namely, Mrs. Hazel Dart Olsen, $5,000.00 by reason of his death, said amount to be payable forthwith in cash.'
 
 
 7
 Russell W. Byerly, president of the corporation, a witness at the trial, upon being asked his reason for favoring the payment to Mrs. Olsen, testified:
 
 
 8
 'Mr. Olsen's death was quite sudden, he had long, distinguished and faithful service with our company. We felt that this payment to his widow at that time was in order and felt that she probably could use the money under those circumstances.'
 
 
 9
 The corporation, in its income tax return for 1955, deducted the $5,000 payment to Mrs. Olsen under 'Other Deductions.' The petitioners in their joint income tax return for 1955 did not include the payment as income, and made the following statement in their return:
 
 
 10
 'In 1955 Hazel D. Olsen, the widow of W. R. Olsen, received from Super Valu Stores, Inc., Hopkins, Minnesota, the former employer of said W. R. Olsen, the sum of $5,000.00 as a gratuity in recognition of past services of said W. R. Olsen. It is the position of taxpayer that said amount is not taxable to her.'
 
 
 11
 The Commissioner determined that the payment was income, and assessed a deficiency.
 
 
 12
 The Tax Court, on review, sustained the Commissioner, in reliance upon Estate of Mervin G. Pierpont v. Commissioner, 35 T.C. 65, and what it considers to be the teachings of Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218. On petition to review the decision of the Tax Court in the Pierpont case that donations made to the widow of Mervin G. Pierpont by the Loewy Drug Company, of which he had, for many years, been president and the majority stockholder, were income, the Court of Appeals for the Fourth Circuit,[2] on March 21, 1962, vacated the decision of the Tax Court and remanded the case, saying (p. 292 of 301 F.2d):
 
 
 13
 'Nevertheless, none of the facts stipulated in the present case touches upon those additional factors which since Duberstein have been important. The stipulations were made before Duberstein and covered only the criteria which had up to that time been formulated and treated by the Tax Court and this circuit as decisive. It would be unfair now to allow findings to stand, which are adverse to the taxpayer, because of her silence on matters never deemed pertinent in earlier litigation. While, as we have indicated, it is perfectly proper for the court to broaden the field of inquiry beyond that previously established, this should not be done without affording an opportunity to the taxpayer, and to the Government as well, to amplify the record. Of course, we do not undertake to dictate the result to be reached upon the broadened inquiry. Additional data which the parties will be free to produce may have the effect of confirming or overcoming the result which the five Luntz (Florence S. Luntz v. Commissioner, 29 T.C. 647, 650 (1958)) factors,[3] standing alone, were held to require in the earlier cases.'
 
 
 14
 The Court of Appeals for the Sixth Circuit, in Estate of Kuntz, Sr. v. Commissioner, 300 F.2d 849, decided April 4, 1962, reviewed and reversed a decision of the Tax Court that a donation made to the widow of Martin Kuntz, Sr., upon the death of her husband, by the Peter Kuntz Company, by which he had been employed for many years and of which he was president at the time of his death, was not excludable from gross income as a gift. The last sentence of the resolution of the Board of Directors of the Kuntz Company was: 'This payment is made as additional compensation and in consideration of services heretofore rendered to this corporation by the late Martin C. Kuntz, Sr.' There was evidence to the contrary. The Court of Appeals said (page 852 of 300 F.2d):
 
 
 15
 'We hereby adopt the reasoning and rationale of the Kasynski case (United States v. Kasynski) (284 F.2d 143, 10 Cir., 1960) in relation to the merits of the instant case. In that opinion the court found that the finding of the lower court-- that the intent of the transferor was to make a gift-- was a reasonable inference from the 'factual pattern' there present. We here hold that such a finding is the only reasonable inference from the 'factual pattern' here present, and that the contrary factual finding by the Tax Court leaves us with 'the definite and firm conviction that a mistake has been committed.' * * *'
 
 
 16
 If the payment made to Mrs. Kuntz upon the death of her husband was a gift, so was the payment to Mrs. Olsen which the Tax Court has found was not a gift. In United States v. Frankel, 302 F.2d 666, we affirmed a determination of the District Court that donations made under similar circumstances to Mrs. Frankel were nontaxable gifts.
 
 
 17
 The Tax Court, in the instant case, said in its opinion:
 
 
 18
 '* * * The dominant reason for the action of Super Valu Stores, Inc., in making the $5,000 payment to the petitioner-widow was that the decedent had rendered valuable services to the corporation in the performance of unusual duties and responsibilities over a long period of years; and that the payment proceeded primarily from the 'constraining force of (a) moral * * * duty."
 
 
 19
 We are not aware that a corporation has any moral obligation or duty to make any payment to a widow of a deceased officer or employee who, while he lived, was fully compensated for his services. There is no evidentiary basis for an inference that W. R. Olsen was underpaid. There was evidence that he was fully compensated to the time of his death.
 
 
 20
 This case was tried and submitted to the Tax Court on May 16, 1960. Commissioner v. Duberstein (363 U.S. 278, 80 S.Ct. 1190) was decided by the Supreme Court on June 13, 1960. The record in the Tax Court was based on facts which at the time of trial were adequate to support the conclusion that the payment to Mrs. Olsen was a non-taxable gift. See and compare: Louise K. Aprill v. Commissioner, 13 T.C. 707 (1949); Estate of Arthur W. Hellstrom v. Commissioner, 24 T.C. 916, 920 (1955); Estate of John A. Maycann, Sr. v. Commissioner, 29 T.C. 81 (1957); Florence S. Luntz v. Commissioner, 29 T.C. 647 (1958); Bounds v. United States, 4 Cir., 262 F.2d 876, 881-883 (1958); Reed v. United States (D.C.W.D.Ky.) 177 F.Supp. 205, 208-209 (1959), aff'd 6 Cir., 277 F.2d 456 (3/7/1960); United States v. Kasynski, 10 Cir., 284 F.2d 143 (a post-Duberstein opinion). We could vacate the judgment under review and remand the case to the Tax Court for further proceedings to afford the parties an opportunity to amplify the record, as was done in the Pierpont case. The petitioners have not asked that the case be remanded, nor has the Commissioner. Apparently the parties prefer to stand upon the present record. To remand the case would, in all probability, serve no useful purpose.
 
 
 21
 The wording of what is now Section 102(a) of the Internal Revenue Code of 1954 is identical with that of Section 22(b)(3) of the Code of 1939, under which the Tax Court and other courts had consistently held that a donation such as that made to Mrs. Olsen was a 'gift.' There is no reason to believe that Congress in 1954 had any intent to subject to taxation gifts to widows formerly excludable from income under the 1939 Code.
 
 
 22
 We think that the only reasonable inference to be drawn from the undisputed evidence is that the payment to Mrs. Olsen was a gift and was not taxable. In Bogardus v. Commissioner, 302 U.S. 34, 40, 58 S.Ct. 61, 82 L.Ed. 32, the Supreme Court said:
 
 
 23
 '* * * If it be in fact a gift, that is an end of the matter; and inquiry whether it is a gift of one sort or another is irrelevant. This is necessarily ture, for since all gifts are made non-taxable, there can be no such thing under the statute as a taxable gift. A claim that it is a gift presents the sole and simple question whether its designation as such is genuine or fictitious-- that is to say, whether, though called a gift, it is in reality compensation. * * *'
 
 
 24
 We hold that the determination of the Tax Court that the $5,000 payment made by the Super Valu Stores, Inc., to Mrs. Olsen was not excludable from gross income as a 'gift' is clearly erroneous.
 
 
 25
 The decision of the Tax Court is reversed.
 
 
 
 [1]
 '102. Gifts and inheritances
 '(a) General rule.-- Gross income does not include the value of property acquired by gift, * * *.'
 
 
 [2]
 Poyner, et al., Executors of Estate of Pierpont v. Commissioner, 301 F.2d 287
 
 
 [3]
 The factors, quoted in the opinion of the Court of Appeals in Pierpoint, are (page 291 of 301 F.2d):
 '(1) The payments had been made to the wife of the deceased employee and not to his estate; (2) there was no obligation on the part of the corporation to pay any additional compensation to the deceased employee; (3) the corporation derived no benefit from the payment; (4) the wife of the deceased employee performed no services for the corporation; and (5) the services of her husband had been fully compensated.'