Marion E. McCARTHY,
and
Boston Safe Deposit and Trust Company,
as Executor of the Will of Charles R.
McCarthy, Deceased, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 62–554.

United States District Court
D. Massachusetts.

May 19, 1964.

———◆———

W. C. Moffett, Josiah A. Spaulding, Bingham, Dana & Gould, Boston, Mass., for plaintiffs.

W. Arthur Garrity, Jr., U. S. Atty., Murray H. Falk, Asst. U. S. Atty., Boston, Mass., Edward J. Snyder, Atty., Dept. of Justice, Tax Division, Washington, D. C., for defendant.

SWEENEY, Chief Judge.

This is an action for the recovery of Federal income taxes and interest paid for the years 1957 and 1958 in the amounts $983.39 and $3,354.37, respectively, which the plaintiffs allege were illegally and erroneously assessed and

collected. This court has jurisdiction under 28 U.S.C. § 1346(a) (1).

The question presented is whether certain payments made by the C. F. Hathaway Company of Waterville, Maine, to the taxpayer, the widow of one of its executives, Charles R. McCarthy, are excludable from her taxable income as a gift pursuant to Section 102 of the Internal Revenue Code of 1954, 26 U.S.C.

### Findings of Fact

The parties have stipulated that Charles R. McCarthy died on July 18, 1957. At the time of his death he was a vice president, a director and the New England sales representative of Hathaway, and had been in the employ of Hathaway for over 26 years.

The plaintiff Marion E. McCarthy is Mr. McCarthy's widow. The other plaintiff, the Boston Safe Deposit and Trust Company, is the executor of Mr. McCarthy's estate.

On November 26, 1957 the Board of Directors of Hathaway held a special meeting at which it adopted the following resolutions:

"RESOLVED: That in recognition of the services rendered to this corporation for many years by Charles R. McCarthy, its late Vice President, and in conformity with the policy of this corporation to make reasonable provision for the surviving dependents of its deceased officers and employees, although it is under no obligation to do so, this Board of Directors does hereby authorize and direct the Treasurer of this corporation to pay semi-monthly to Marion E. McCarthy, the surviving wife of said Charles R. McCarthy, the sum equal to his salary rate in effect August 1, 1957.

"RESOLVED: That the payments from August 1, 1957 and thereafter made by the Treasurer to Marion E. McCarthy be continued until this Board of Directors shall require the reduction or discontinuance of such payments, but in no event shall payments be made after July 31, 1958 unless additional action is taken by the Board of Directors."

Pursuant to these resolutions, Mrs. McCarthy was paid $8,333.33 during the calendar year 1957, and $11,666.62 during 1958, neither of which sums was included in the income tax returns filed for the years 1957 and 1958. After an audit of the returns, the District Director of Internal Revenue did include in gross income $3,333.33 for the year 1957 [1] and $11,666.62 for 1958, and assessed additional taxes and interest in the amounts of $983.39 and $3,354.37, respectively, which was paid.

Claims for refund were properly and timely filed and were denied. No part of these amounts has been refunded, and this suit was timely filed.

Hathaway recorded these payments on its executive payroll accounts; and while no deductions were made from the payments for Federal income withholding or Social Security taxes, Hathaway did deduct the payments, themselves, in its Federal income tax returns.

In addition to these stipulated facts, both parties introduced evidence at the trial from which the court finds the following.

Mr. McCarthy had died rather suddenly and had been active in the affairs of Hathaway until a few months before his death when he had suffered a severe heart attack. At the time of his death, his annual salary was $20,000 which was his sole source of income. He owned 10,070 shares, about 8½% of common stock of Hathaway. Mrs. McCarthy never had any connection with the Company either as a stockholder or employee, and Hathaway had no legal obligation to her or to Mr. McCarthy at the time the Board of Directors adopted the resolutions referred to above.

---

1. This represents $8,333.33 less a $5000 exclusion allowed by Section 101(b) of the Internal Revenue Code.

 The starting point for deciding this genre of cases is Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960) where the Court held that "the statute does not use the term 'gift' in the common-law sense * * *." that, instead "a gift in the statutory sense * * * proceeds from a 'detached and disinterested generosity' (citation omitted) 'out of affection, respect, admiration, charity or like impulses.'" (Citation omitted.) 363 U.S. at 285, 80 S.Ct. at 1197. In determining whether a payment is a gift, the most critical consideration is the transferor's intention.

 On this principal issue in the case, I find that the payments were clearly voluntary; that is, the Company did not owe any money to Mr. McCarthy or his widow. The directors did, however, want to express in a tangible way a feeling of appreciation for and recognition of the very substantial contribution of Mr. McCarthy to Hathaway. Two directors testified that they felt a moral obligation to Mrs. McCarthy. Mrs. McCarthy's need, if indeed she was in need, was not a factor considered by the Board.

Since Mr. McCarthy was the first officer-director of the Company to die, no plan for payments to widows of executives or the like was in existence and, consequently, this payment was not made pursuant to a plan. There was, however, evidence, and I so find, that the resolution to make payments to Mrs. McCarthy was the beginning of a plan to help widows of high Company officials. Not only did one of the directors admit that he considered that he might be the next to die, but at least one other payment has, in fact, been made since the payments to Mrs. McCarthy. Moreover, there was testimony that the public relations effect of such action was a minor consideration.

 On all this evidence, I conclude that these payments did not proceed from an entirely "detached and disinterested generosity," but that they were, at least, in part, motivated by business and economic reasons. The payments were, therefore, properly included in income.

 I have read and considered all the cases cited by both parties,[2] but am bound to follow the directive of Duberstein to decide this case on the facts presented at this trial. The Supreme Court's expectation that "diversity of result will tend to be lessened somewhat * * * [by] a natural tendency of professional triers of fact to follow one another's determinations * * *." 363 U.S. at 290, 80 S.Ct. at 1199, has clearly not materialized. The cases in this area have reached widely divergent results often on very similar facts. To attempt to reconcile them and then to fit this case into the mold would be a pointless exercise.

### Conclusion of Law

The payments made by C. F. Hathaway Company to Mrs. McCarthy were

2. The taxpayer relied on the following cases: United States v. Pixton, 326 F.2d 626 (5th Cir. 1964); Olsen Estate v. Commissioner, 302 F.2d 671 (8th Cir. 1962), reversing the Tax Court; Kuntz' Estate v. Commissioner, 300 F.2d 849 (6th Cir. 1962), cert. den. 371 U.S. 903, 83 S.Ct. 208, 9 L.Ed.2d 165 (1962), reversing the Tax Court; United States v. Kasynski, 284 F.2d 143 (10th Cir. 1960); United States v. Reed, 277 F.2d 456 (6th Cir. 1960); Greentree v. United States, CCH Stand.Fed.Tax Rep. para. 9284 (E.D.Va.1964); Fritzel v. United States, CCH Stand.Fed.Tax Rep. para. 9178 (D.C.Ill.1963); Rice v. United States, 197 F.Supp. 223 (E.D.Wis.1961); Cowan v. United States, 191 F.Supp. 703 (N.D. Ga.1960); Frankel v. United States, 192 F.Supp. 776 (D.C.Minn.1961); and Arthur W. Hellstrom, 24 T.C. 916 (1955).

The Government cites the following which are factually similar: Tomlinson v. Hine, 329 F.2d 462 (5th Cir. 1964), reversing the District Court; Gaugler v. United States, 312 F.2d 681 (2d Cir. 1963); Simpson v. United States, 261 F. 2d 497 (7th Cir. 1958), reversing the District Court, cert. den. 359 U.S. 944, 79 S.Ct. 724, 3 L.Ed.2d 677 (1959); and Browne v. United States, CCH Stand. Fed.Tax Rep. (63-2 USTC) para. 9696 (D.C.Mass.1963), a jury verdict for the Government.

not a gift within the meaning of Section 102 of the Internal Revenue Code and were, therefore, properly chargeable as income.

Judgment may be entered for the defendant.