## SIMPKINSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8298.

Circuit Court of Appeals, Fifth Circuit.

April 12, 1937.

George G. Tyler, of New York City, and Richard H. Wilmer, of Washington, D. C., for petitioner.

S. Dee Hanson, John J. Pringle, Jr., J. Louis Monarch, and Sewall Key, Sp. Assts. to the Atty. Gen., and Robert H. Jackson and James W. Morris, Asst. Attys. Gen., Morrison Shafroth, Chief Counsel, Bureau of Internal Revenue, and William E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The single question is whether $40,000 paid to Robert M. Kerr, by Unopco Corporation in January, 1931, was a nontaxable gift or taxable as income. The Revenue Act of 1928, § 22, 45 Stat. 797 (26 U.S.C.A. § 22 and note), declares: " 'Gross income' includes * * * income derived from * * * compensation for personal service, of whatever kind and in whatever form paid." To be excluded is "the value of property acquired by gift," etc. The Commissioner held the payment to be taxable as "a bonus in recognition of valuable and loyal services rendered," and the Board of Tax Appeals sustained him.

The facts are simple. Universal Oil Products Company owned a process patent for making gasolene. Its stockholders on January 16, 1931, consummated a sale of the entire capital stock for $25,000.000, about $4,100,000 of liquid assets having first been transferred to another corporation created to receive them called Unop-

co Corporation, whose stock was issued proportionally to the old stockholders of Universal Oil Products Company. The stockholders thus through this new company preserved unaltered their interests in the reserved assets. On January 9, 1931, the directors of Unopco in formal meeting took this action: "Resolved that the Directors of this Corporation recommend to the stockholders of this Corporation that the sum of $607,500 be appropriated, paid and distributed as a bonus to sixty-four former employes, attorneys and experts of Universal Oil Products Company * * * in recognition of their valuable and loyal services, etc.," and a stockholders' meeting was called to pass upon the recommendation. The following day the stockholders met and unanimously adopted a resolution which quoted that of the directors and approved it, and then "Resolved further that this Corporation do appropriate, pay and distribute the said sum of $607,500 as a bonus to sixty-four former and present employes, attorneys and experts of said Universal Oil Products Company in recognition of the valuable and loyal services of said employes, attorneys and experts to said Universal Oil Products Company." About January 20, 1931, the president accordingly delivered a check to each beneficiary personally or by mail, saying or writing in effect that it was a gift and need not be included in income tax returns. Unopco did not in its own tax return deduct these payments as a business expense, nor did its stockholders, nor did Universal Oil Products Company. The payments had not been discussed before the stock sale was consummated January 6, 1931. There was no legal obligation to make them, nor had they been requested. None of the recipients ever worked for Unopco or its stockholders personally, but were working for Universal Oil Products Company. A witness testified that the discussion preceding the resolution was of a gift or honorarium.

[█] In a broad sense a benefit done another without legal obligation is a gift; but construing together the provisions of the income tax statutes, when money is paid to a present or former employee in consideration of his services he receives it as a compensation for services, although not demandable, and it is taxable income to him. "The payment for services, even though entirely voluntary, was nevertheless compensation within the statute." Old Colony Trust Co. v. Commissioner, 279 U.

S. 716, at page 730, 49 S.Ct. 499, 504, 73 L.Ed. 918. In Bass v. Hawley, 62 F.(2d) 721, 723, we said: "The intent is that all receipts in whatever form that come because of labor and service, whether payment could be compelled or not, shall be taxed as arising from labor. That only is a gift which is purely such, not intended as a return of value or made because of any intent to repay another what is his due, but bestowed only because of personal affection or regard or pity, or from general motives of philanthropy or charity. Those payments made because of past services, but over and above what was contracted and compellable to be paid, have been called additional compensation and bonuses, and are taxable income to the recipient." Payments much like those here involved were there held taxable. The same conclusion touching the same distribution was reached in the Court of Claims. Schumacher v. United States (Ct.Cl.) 55 F.(2d) 1007. The formal resolutions both of the directors and stockholders call the payments thereby authorized a "bonus," paid in recognition of "valuable and loyal services" and for nothing else. The minutes thus speaking are the best evidence of the corporate act and intention. The president could not alter them by his expressions in carrying out the corporation's directions. It, not he, was making the benefactions. What he said indeed smacks somewhat of an afterthought. The Board of Tax Appeals was well warranted in taking the resolutions as the true expression of what was intended. It is not claimed that Kerr was misled by the president into accepting $40,000 which he would not have taken if he had known the exact terms of the resolutions.

But it is argued that since Kerr and the other beneficiaries were not and never had been employees of Unopco, or of its stockholders as individuals, the resolutions in rewarding their service to another corporation necessarily authorized only gifts. That contention was made and rejected in the Bass and Schumacher Cases, supra. The same persons in the same proportion owned both Universal Oil Products Company and Unopco. Unopco was in fact the residuum of Universal Oil Products Company, the administrator of its affairs reserved from the sale. This payment from the reserved assets was in recognition of a felt moral obligation of the old business. From Kerr's standpoint he received it for his past services, and it was imma-terial whether paid technically by the one corporation or the other.

We think, as we did in the Bass Case, that the fact that no deduction was claimed of the payments as business expenses by Unopco or its stockholders, or by Universal Oil Products Company, is unimportant. The last named could claim no deduction in 1931 for it did not make the payments. The stockholders as individuals could claim no personal deduction for the same reason. Unopco appears to be a mere holding company, and perhaps did no business and made no net income in 1931. There is no necessary correlation between the receipt of taxable compensation for services and the deduction by the payer of the payment as a business expense.

We have considered the case independently, but our conclusion is the same as that heretofore reached touching this same distribution in the First and Second Circuits. Walker v. Commissioner (C.C.A.) 88 F.(2d) 61; Bogardus v. Helvering, Commissioner (C.C.A.) 88 F.(2d) 646.

Judgment affirmed.