## DASTEEL et al. v. ROGAN.

### No. 1539-Y.

District Court, S. D. California, Central Division.

Nov. 14, 1941.

Joseph H. Dasteel, of Los Angeles, Cal., for plaintiffs.

Wm. Fleet Palmer, U. S. Atty., and Edward H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

Plaintiff, J. H. Dasteel, seeks to recover $396.52 which he and his wife, under a joint income tax return, paid as income tax on the sum of $7,200, received by him on August 27, 1936, from the Union Oil Company, upon termination of his employment with them as manager of their service stations department. A claim for refund, seasonably made, has been denied. Recovery is sought upon the ground that at the time he severed his employment, the plaintiff had been amply compensated for his services to the company, which extended over a period of twenty-three years, and that the sum so paid to him was a gift, deductible as such, under Section 22(b) (3) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Code, § 22(b) (3).

Despite a first impression to the contrary, I am of the view that the plaintiff has not sustained the burden of proving that he is entitled to have this sum exempt from the income which he received during the taxable year 1936.

■ A study of the cases leads to the conclusion that, with the exception of Bogardus v. Commissioner, 1937, 302 U. S. 34, 58 S.Ct. 61, 82 L.Ed. 32, the various circuit courts—taking their lead from Old Colony Trust Co. v. Commissioner, 1929, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, and some of them even anticipating it— have taken the view that "the payment for services, even though entirely voluntary", is none the less taxable income.

And this is true although the payment be actually denominated a gift, bonus or honorarium.

■ The elements which courts take into account in determining whether separation allowances are to be considered gifts or compensation for past service are usually these: (1) Did the employer have the power to make a gift of the money? (2) If he did not, as is the case with corporations, was the payment approved by the stockholders? (3) Was the amount charged on the books as payment on salary? (4) And was deduction made for the amount so claimed by the employer from his income tax during the taxable year?

If the first two questions are answered in the negative and the last two in the affirmative, the payment is not considered a gift.

Rather does it conform to the test laid down by Mr. Justice Brandeis in the dissenting opinion in Bogardus v. Commissioner, 302 U.S. 34, 45, 58 S.Ct. 61, 66, 82 L.Ed. 32: "Has it been made with the intention that services rendered in the past *shall be requited more completely,* though full acquittance has been given? If so, it bears a tax." (Italics added).

■ A review of the evidence leads to the conclusion that these conditions exist here. And that the case falls within the rule laid down in Noel v. Parrott, 4 Cir., 1926, 15 F.2d 669; Fisher v. Commissioner, 2 Cir., 1932, 59 F.2d 192; and Botchford v. Commissioner, 9 Cir., 1936, 81 F.2d 914, 110 A.L.R. 281, in which the doctrine laid down in the two cases just cited, and others, is specifically approved by the Circuit Court of Appeals for the Ninth Circuit.

838

To sustain the plaintiff's burden that the payment was a gift, we have *only his* statement that when he announced his resignation, brought on by apparent dissension or dissatisfaction among some of the executives of the organization, he was informed that the company had decided to give him $7,200. The company did not have, at the time, any regular plan calling for separation payments to its employees, dependent upon salary and length of service. It inaugurated such a plan in 1937.

The executive of the company, with whom the idea of a separation payment to the plaintiff originated, stated that he felt that, in view of the plaintiff's long service with the company, it was no more than just that he should have a separation payment. His own idea was that a year's salary should be allowed. His associates, however, reduced the amount to the equivalent of nine months' salary. A check in that amount, dated August 24, 1936, was issued to the plaintiff before the date of the severance of his relation with the company, which occurred on August 31, 1936. It was cashed by the plaintiff on August 27, 1936. The termination of employment notice filed with the accounting department showed, under the heading of "Pay Roll", the name of the plaintiff and the notations, "Date of last service, August 31, 1936, Last occupation, Manager U. S. S., Last rate, $800.00". (The latter sum was paid him.) Under this was written "O. K. for paying nine months salary from Sept. 1, 1936, to May 31, 1937", initialed by the executive officers of the company. On the books of the company, the following month (September, 1936), the entire sum of $7,200 was charged to the "Head Office Pay Roll" with the notation: "J. H. Dasteel (Sal. Sept. 1, 1936 to May 31, 1937, Slip 469)." The amount was carried on the books of the corporation as a payment on salary. It was so claimed as a deduction by the company for the taxable year 1936. No stockholders' meeting was ever asked to approve the action of the officers.

Judgment will, therefore, be for the defendant.

Findings and judgment to be prepared by counsel for the defendant under Local Rule 8.