**Ann F. FRANK, Individually and as Executrix of the Estate of Martin M. Frank, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 64 Civ. 783.

United States District Court
S. D. New York.

Nov. 10, 1966.

Copelon & Silverstein, New Haven, Conn., for plaintiff. Nathan M. Silverstein, New Haven, Conn., of counsel.

Robert M. Morgenthau, U. S. Atty., S. D. New York, for defendant. Laurence Vogel, Dawnald R. Henderson, Asst. U. S. Attys., of counsel.

## OPINION, FINDINGS OF FACT AND CONCLUSIONS OF LAW.

LEVET, District Judge.

This action is brought by plaintiff, Ann F. Frank, individually and as Executrix of the Estate of Martin M. Frank, deceased, under Title 28 U.S.C. § 1346(a)(1), as amended, to recover certain sums allegedly erroneously assessed as tax deficiencies and collected on a joint income tax return of Martin M. Frank (now deceased) and Ann M. Frank for the year 1958 in the amount of $12,666.84.

The sole issue presented is whether the sum of $27,247.96 paid to Martin M. Frank by Dr. Simon Philip Goodhart from the residuary estate of decedent, Bertha Wolff Goodhart, was a gratuitous transfer or gift which was not includable in income or subject to taxation.

After hearing the testimony of the parties, examining the exhibits, the pleadings, the briefs and Proposed Findings of Fact and Conclusions of Law submitted by counsel, this court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. In and about early August 1950, Dr. Simon Philip Goodhart and Mrs Goodhart (Bertha Wolff Goodhart) requested Roy M. Cohn to draw their Wills but Cohn took them to another lawyer, one Edwin Weisl of Simpson, Thatcher & Bartlett, who prepared their Wills.

2. On or about August 1, 1950, Martin M. Frank, now deceased, and Roy M. Cohn signed a letter, prepared by the office of the Goodharts' attorney, addressed to Mrs. Simon Philip Goodhart (Bertha Wolff Goodhart), which read as follows:

"August 1, 1950

"Mrs. S. P. Goodhart,
    25 West 81st Street
        New York 24, N. Y.

"Dear Mrs. Goodhart:

"We understand that you are about to execute a will in which you are naming us as alternate executors and as trustees.

"We hereby agree that if we both qualify as executors and/or trustees under said will or under any future will which you may execute, our joint compensation shall, during such period as we both continue to act in such capacity, be limited to the compensation payable to a single executor and/or trustee under the laws of the State of New York from time to time in effect.

"Sincerely yours,

ROY M. COHN

MARTIN M. FRANK"

The execution of this letter had been preceded by conversations of Frank and Cohn with Dr. and Mrs. Goodhart and the attorney, Edwin Weisl, who was drawing the wills of Dr. and Mrs. Goodhart.

3. On March 11, 1955, Bertha Wolff Goodhart, wife of Simon Philip Good-

hart, died, leaving a Last Will and Testament, executed on August 3, 1950, in which decedent's husband, said Simon Philip Goodhart, was designated as sole Executor and Martin M. Frank, Roy M. Cohn and Bankers Trust Company were named as Trustees of certain trusts created by said will.

4. Said will of said Bertha Wolff Goodhart was duly admitted to probate in the Surrogate's Court of New York County, State of New York, on April 5, 1955, and Letters Testamentary were thereon duly granted to Simon Philip Goodhart on April 5, 1955. John M. Foley was the attorney for the Estate.

5. By Paragraph Twelfth of said will, the testatrix, Bertha Wolff Goodhart, provided that: "If for any cause he [i. e., Simon Philip Goodhart] should not act or continue to act as such executor, then I appoint as executors in his place and stead Martin M. Frank, Roy M. Cohn and Bankers Trust Company."

6. On April 8, 1955, the said Bankers Trust Company filed its renunciation as one of the alternate successor executors and as trustee named in said will.

7. Martin M. Frank, husband of plaintiff, Ann F. Frank, was a member of the bar of the State of New York, at one time law secretary to Judge Albert Cohn, father of Roy M. Cohn (a New York lawyer). Frank, later a Judge of the Municipal Court of New York City and a Justice of the Supreme Court of the State of New York, at his death on May 19, 1960 was serving in the Appellate Division, First Department. On June 13, 1960, Letters Testamentary on Judge Frank's Estate were issued to Ann F. Frank by the Surrogate of New York County.

8. The Goodharts, the Franks and the Cohns were on a friendly social basis for many years, meeting frequently. Dr. Goodhart had one son, Edward, who lived in California, but who apparently did nothing and who disturbed his father by his behavior and pattern of living. At the time of Mrs. Goodhart's death (March 11, 1955) Dr. Goodhart was approximately 85 years of age, a practicing physician. Cohn stated that Dr. Goodhart was "deteriorating rapidly" and "unwilling to go around alone."

9. Soon after the death of Mrs. Goodhart, on the day she died and, thus, before Bankers Trust Company renounced letters on April 8, 1955, Dr. Goodhart told Cohn "that he did not feel capable of carrying on alone" in looking after her affairs and asked if Judge Frank and Cohn would be able to work with him. There were also conversations between Goodhart and Frank and Cohn after April 8, 1955 and before April 15, 1955 to similar effect and Dr. Goodhart asked if Judge Frank and Cohn would serve as executors with Goodhart. Goodhart also told John Foley, the attorney for Goodhart as Executor, that he was concerned about his age and that he wanted the judgment and help of Frank and Cohn.

10. On or about May 14, 1955, Goodhart individually and as co-executor of the Last Will and Testament of Bertha Wolff Goodhart signed and acknowledged an instrument (Ex. 6), prepared by John Foley, attorney, in which certain facts were recited, among which were the following:

(1) That Frank and Cohn as co-executors were performing the major portion of the work to be performed as executors and "without whose aid and assistance Simon Philip Goodhart could not undertake to act as one of the executors of said estate."

(2) That the estate was in excess of $1,000,000.

(3) That Goodhart will receive the major part of the estate.

(4) That Goodhart is a practicing physician, eighty-five years of age, and never extensively participated in the management of the business affairs of the decedent.

(5) That Frank and Cohn are attorneys, fully familiar with estate administration and familiar with the decedent's business affairs.

(6) That the administration of the estate will be intricate and require constant

attention and will require a period of three years to settle.

(7) That it will be in the best interests of the estate that Frank and Cohn continue to act as executors.

11. The said agreement then went on to provide that, in consideration of the premises and agreement and promises of Frank and Cohn to continue as executors, Goodhart promised: .

(1) Subject to the approval of the Surrogate, to release Frank and Cohn from the terms of the letter of August 1, 1950, and

(2) Again, subject to the approval of the Surrogate, to pay Frank and Cohn full commissions and charge the same against the estate of the decedent, and

(3) If the payments cannot be charged to the estate, to pay the same out of the residual estate (i. e., Goodhart's share of Bertha Wolff Goodhart's estate).

12. Dr. Goodhart died on December 6, 1956. On or about December 11, 1957, after a hearing in the Surrogate's Court in the Bertha Wolff Goodhart Estate, Surrogate Joseph A. Cox, in an Intermediate Account Proceeding, held that Cohn and the Estate of Frank could be paid only half commissions out of the Estate of Bertha Wolff Goodhart (Ex. 8) but that Cohn and Frank were to be paid out of the residuary portion of the Bertha Goodhart Estate belonging to Goodhart an amount "equal to that received by them as commissions," apparently because of the agreement of Goodhart of May 14, 1955. The Surrogate held that the deceased executor (Goodhart) had waived his own commissions as executor. Dr. Goodhart had not performed any acts of substance as executor of Mrs. Goodhart's Estate.

13. By the will of Simon Philip Goodhart, dated August 3, 1950, he appointed Frank, Cohn and Bankers Trust Company as executors and trustees in the event that his wife, Bertha Wolff Goodhart, did not act or continue to act, but on April 26, 1955 he amended this appointment to substitute the Hanover Bank in place of Bankers Trust Company,

and on July 21, 1955 he substituted Chemical Corn Exchange Bank instead of Hanover Bank. The Last Will and Testament of Dr. Goodhart as thus amended by the aforesaid codicils was admitted to probate in the Surrogate's Court of New York County on December 27, 1956 and Letters Testamentary thereon were thereafter granted to Cohn, Frank and the Chemical Corn Exchange Bank.

14. In the petition of Cohn and Frank for settlement of the Intermediate Account of the Executors, dated May 31, 1957, in the Bertha Goodhart Estate they alleged among other things as follows:

1. "That immediately following the death of Bertha Wolff Goodhart it was ascertained that due to a long and serious illness she had wholly neglected her business and financial affairs; that there were no accurate books or records of account or inventory of assets available; that an extensive search would have to be made to locate assets; that a careful study would have to be made of the voiumonous [sic] quantity of papers and handwritten notes found among the within decedent's effects, and that it was apparent that such efforts would require at least one year's time. That all of these facts were known to said SIMON PHILIP GOODHART and were stated by him to petitioners."

2. "That the Last Will and Testament of the within decedent contemplated that in the event that letters testamentary issued to the substitute executors that the corporate executor would act together with your petitioners and that two full executor's commissions would be charged against her estate."

3. "That petitioners are in doubt as to whether the payment of one full executor's commission to each petitioner is chargeable against the within estate as an administration expense and desire a ruling and instruction from the Court."

15. In the federal estate tax return for the Estate of Bertha Wolff Goodhart,

Cohn and Frank claimed a total deduction of $173,025.37 (i. e., for full executors' commissions). The amount of $27,247.96 paid to Martin M. Frank and a similar sum paid to Roy M. Cohn out of Dr. Goodhart's share of the estate were disallowed as proper administration expenses. The federal estate tax return filed by the Estate of Simon Philip Goodhart claimed a reduction of the decedent's receipt out of the residuary estate of Bertha Wolff Goodhart of the amounts paid or promised to Cohn and Frank, but the Internal Revenue Service disallowed that reduction.

16. By an Accounting Decree in the Bertha Wolff Goodhart Estate, dated May 29, 1958, Cohn and Frank were authorized to retain the sum of $108,991.86 for their commissions, i. e., $54,495.93 each for Frank and Cohn. Neither Cohn, any member of his family, nor Frank, or any member of his family, was named as a legatee under the will of Bertha Wolff Goodhart.

17. The payment of $27,247.96 to Martin M. Frank from the residuary share of Simon Philip Goodhart in the Estate of Bertha Wolff Goodhart was compensation and not a gift. The plaintiff has failed to show by a fair preponderance of the evidence that the payment was a gift.

## DISCUSSION

The issue to be determined here is whether the payment to Frank from the residuary estate of Bertha Wolff Goodhart belonging to Dr. Goodhart was or was not a gift. Certain basic principles are applicable to the determination of this issue.

■ (1) The term "gift" in Section 22(b) (3) of the Internal Revenue Act of 1936 (now § 102(a)) denotes the receipt of financial advantages gratuitously. Helvering v. Amer. Dental Co., 318 U.S. 322, 330, 63 S.Ct. 577, 87 L.Ed. 785 (1943).

In Roberts v. Commissioner of Internal Revenue, 176 F.2d 221, 10 A.L.R.2d 186 (9th Cir. 1949), Judge Yankwich wrote:

" * * * generally, the courts insist that the essential characteristics of a gift,—*absence of consideration*—be present. Blair v. Rosseter, 9 Cir., 1929, 33 F.2d 286; Schumacher v. United States, 1932, 55 F.2d 1007, 74 Ct.Cl. 720: Weagant v. Bowers, 2 Cir., 1932, 57 F.2d 679; and see, Bass v. Hawley, 5 Cir., 1933, 62 F.2d 721, 732; Simpkinson v. Commissioner [of Internal Revenue], 5 Cir., 1937, 89 F.2d 397, 399; Willkie v. Commissioner [of Internal Revenue], 6 Cir., 1942, 127 F.2d 953, 955–956; Dasteel v. Rogan, 1941, D.C.Cal., 41 F.Supp. 836." (p. 223)

■ As Chief Judge Ryan of this court stated: "An essential element of a gift is the total absence of a material consideration." New York Credit Men's Adjustment Bureau v. United States, 110 F.Supp. 214, 218 (S.D.N.Y.1953).

In Bass v. Hawley, 62 F.2d 721 (5th Cir. 1933), Sibley, Circuit Judge, wrote:

" * * * One who in the peace and under the protection of the United States gainfully exercises his faculties of mind or body may be called on to share the gain with the public treasury. Section 213 of the Revenue Act of 1926 (26 U.S.C.A. § 954) here applicable includes in gross income to be taxed 'gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid.' It excludes property acquired by 'gift, bequest, devise or inheritance.' The intent is that all receipts in whatever form that come because of labor and service, whether payment could be compelled or not, shall be taxed as arising from labor. That only is a gift which is purely such, not intended as a return of value or made because of any intent to repay another what is his due, but bestowed only because of personal affection or regard or pity, or from general motives of philanthropy or charity. * * *" (p. 723)

■ (2) The taxpayer has the burden of proving that he had received a gift.

Merten's Law of Federal Income Taxation, Vol. 1, § 6.03, Chap. 6, p. 13; Luerana Pigman, 31 T.C. 356, 363; United States v. Robertson, 190 F.2d 680 (10th Cir. 1951), aff'd 343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237 (1952); United States v. Lease, 346 F.2d 696 (2nd Cir. 1965).

■ (3) A payment made to a taxpayer may still be compensation although made voluntarily and without legal obligation. Willkie v. Commissioner of Internal Revenue, 127 F.2d 953 (6th Cir.), cert. denied 317 U.S. 659, 63 S.Ct. 58, 87 L.Ed. 530 (1942); Bass v. Hawley, 62 F.2d 721 (5th Cir. 1933); Leon D. Hubert, Jr., 20 T.C. 201 (1953), aff'd Hubert v. Commissioner of Internal Revenue, 212 F.2d 516 (5th Cir. 1954); Commercial Nat. Bank & Trust Co. of New York v. Johnson, 123 F.Supp. 728 (S.D. N.Y.1954); Dasteel v. Rogan, 41 F.Supp. 836 (S.D.Cal.1941).

"* * * the mere fact that the payments were voluntary does not establish them as gifts; if the payments were made without a donative intent and as compensation for services they constitute taxable income. The term 'gift' as used in the revenue statute 'denotes * * * the receipt of financial advantages gratuitously.'" United States v. Burdick, 214 F.2d 768, 771 (3rd Cir. 1954), citing Old Colony Trust Company v. Commissioner of Internal Revenue, 279 U.S. 716, 730, 49 S.Ct. 499, 73 L.Ed. 918 (1929); Sportswear Hosiery Mills v. Commissioner of Internal Revenue, 3 Cir., 1942, 129 F.2d 376, 382; Helvering v. American Dental Co., 318 U.S. 322, 330, 63 S.Ct. 577, 87 L.Ed. 785 (1943). See also Smith v. Commissioner of Internal Revenue, 305 F.2d 778 (3rd Cir.), cert. denied 371 U.S. 904, 83 S.Ct. 208, 9 L.Ed.2d 165 (1962).

■ (4) In determining whether a payment is a gift, the most critical consideration is the transferor's intention. McCarthy v. United States, 232 F.Supp. 605, 607 (D.Mass.1964); Halsor v. Lethert, 240 F.Supp. 738 (D.Minn.1965); Commissioner of Internal Revenue v. Du-

berstein, 363 U.S. 278, 286, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Joshel v. Commissioner of Internal Revenue, 296 F.2d 645 (10th Cir. 1961).

■ (5) However, the mere fact that Goodhart may have talked about the payments to Frank and Cohn as "gifts" is not controlling. The transfer still may be compensatory. Thomas v. Commissioner of Internal Revenue, 135 F.2d 378 (5th Cir. 1943); Merten's Law of Federal Income Taxation, § 6.03, Chap. 6, p. 12. See also Gaugler v. United States, 312 F.2d 681, 685 (2nd Cir. 1963).

In Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 285, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). Mr. Justice Brennan wrote:

"The course of decision here makes it plain that the statute does not use the term 'gift' in the common-law sense, but in a more colloquial sense. This Court has indicated that a voluntary executed transfer of his property by one to another, without any consideration or compensation therefor, though a common-law gift, is not necessarily a 'gift' within the meaning of the statute. For the Court has shown that the mere absence of a legal or moral obligation to make such a payment does not establish that it is a gift. Old Colony Trust Co. v. Commissioner [of Internal Revenue], 279 U.S. 716, 730, [49 S.Ct. 499, 504, 73 L.Ed. 918]. And, importantly, if the payment proceeds primarily from 'the constraining force of any moral or legal duty,' or from 'the incentive of anticipated benefit' of an economic nature, Bogardus v. Commissioner [of Internal Revenue], 302 U.S. 34, 41, [58 S.Ct. 61, 65, 82 L.Ed. 32], it is not a gift. * * *"

The fact that Frank and Cohn were long-standing friends of the Goodharts and that Dr. Goodhart made certain gifts to Frank and Cohn at other times is of no probative force on the issues of the present case.

From the facts heretofore set forth, it does not appear that the payment to Frank was a gift rather than compensa-

tion. In the first place Frank and Cohn were faced by unexpected conditions:

(1) The will provided that Bankers Trust Company was to be (a) one of the alternate executors, and (b) one of the trustees, while actually Bankers Trust Company renounced both functions;

(2) Some assistance was reasonably to be expected from Dr. Goodhart but actually he was five years older and unfamiliar with the business affairs of the decedent;

(3) The administration of the estate required intricate and sustained attention for three years and involved assets of over $2,000,000, conditions which Frank and Cohn appear not to have foreseen.

Consequently, (1) Goodhart agreed to sucure full commissions for Frank and Cohn, or, in the alternative, to pay from his share the amount required to make up these sums, and (2) according to the recitation in the paper prepared by Foley and signed by Goodhart, Cohn and Frank agreed to continue as executors and apparently to shoulder the burdens without the assistance of a corporate executor, and (3) without the active assistance of Goodhart who performed no executorial duties of any substance. Frank and Cohn performed and reaped the reward. They tried to collect from the estate. When precluded by the Surrogate's decision, they collected from the residuary legacy of Dr. Goodhart.

The plaintiff has not proved by a fair preponderance of the evidence that Frank, her testator, (1) received financial advantages gratuitously, or (2) that consideration was absent, or (3) that the payment was not made from "the incentive of anticipated benefit" to Dr. Goodhart, or (4) that the payment was a "gift" within the meaning of the statute.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of this matter under Title 28 U.S.C. § 1346(a) (1).

2. The plaintiff has failed to show by a fair preponderance of the credible evidence that the one-half commission, i. e., $27,247.96 received by Frank in 1958, was a gift under Section 102(a) of the Internal Revenue Code of 1954.

3. Hence, that sum is includable in Frank's income pursuant to the provisions of Section 61 of the Internal Revenue Code of 1954.

4. The defendant is entitled to judgment dismissing the complaint with costs.

Settle judgment on notice.