Roy M. Cohn v. Commissioner.
Cohn v. Commissioner
Docket No. 3667-62.
United States Tax Court
T.C. Memo 1968-65; 1968 Tax Ct. Memo LEXIS 234; 27 T.C.M. (CCH) 350; T.C.M. (RIA) 68065; April 16, 1968. Filed *234 Charles C. Rumsey, Jr., for the petitioner. Leon M. Kerry and Ronald Litowitz, for the respondent. 351 RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $18,335.70 in petitioner's income tax for 1958. This case involves only that portion of the deficiency resulting from the Commissioner's determination that a certain sum of $27,247.96 received by petitioner was income rather than a gift. Findings of Fact The parties have stipulated certain facts, and the stipulation and attached exhibits are incorporated herein by reference. Petitioner, Roy M. Cohn, filed his income tax return for 1958 with the district director of internal revenue in New York City, Borough of Manhattan. At the time of filing his petition in this case, petitioner resided in New York City. Petitioner is an attorney practicing in New York City. Petitioner, Dr. Simon Philip Goodhart (hereinafter sometimes referred to as "Dr. Goodhart"), Dr. Goodhart's wife Mrs. Bertha Wolff Goodhart (hereinafter sometimes referred to as "Mrs. Goodhart"), Judge Martin M. Frank (a New York state court Judge), and their respective families were mutual friends of long standing. *235 Dr. Goodhart had one son, Edward, who lived in California and whose way of life and behavior was disturbing to Dr. Goodhart, resulting in a strained relationship between them. In 1950, petitioner was Dr. and Mrs. Goodhart's attorney. In that year the Goodharts spoke to petitioner concerning the preparation of their wills; petitioner referred them to another attorney who was more familiar with estate law and who was not so closely related by friendship to the Goodharts. Both Dr. and Mrs. Goodhart executed last wills and testaments on August 3, 1950. Dr. Goodhart was named executor under Mrs. Goodhart's will. Mrs. Goodhart was named executrix under Dr. Goodhart's will. Petitioner, Judge Frank, and the Bankers Trust Company were named successor executors under both wills in the event that Dr. Goodhart or Mrs. Goodhart should not act or continue to act as executor or executrix, and were also named trustees of certain trusts created in the wills. Dr. Goodhart was named sole residuary legatee under his wife's will, and was the principal beneficiary thereof. On August 1, 1950, petitioner and Judge Frank signed the following letter. Mrs. S. P. Goodhart, 25 West 81st Street, New York, *236 24, N. Y.
Dear Mrs. Goodhart: We understand that you are about to execute a will in which you are naming us as alternate executors and as trustees. We hereby agree that if we both qualify as executors and/or trustees under said will or under any future will which you may execute, our joint compensation shall, during such period as we both continue to act in such capacity, be limited to the compensation payable to a single executor and/or trustee under the laws of the State of New York from time to time in effect. Sincerely yours, ROY M. COHN MARTIN M. FRANK A week or so before the execution of the above letter petitioner and Judge Frank had a conversation with Dr. Goodhart, at which Judge Frank told Dr. Goodhart that he and petitioner would be willing to serve as executors at one-half a commission each. Dr. Goodhart said that he did not care about the amount of the executors' commissions, but that Mrs. Goodhart might be pleased with the arrangement since she was always very much concerned about money. Shortly after the above meeting, Dr. and Mrs. Goodhart, petitioner, and Judge Frank had a meeting at which petitioner and Judge Frank told Mrs. Goodhart of their intention *237 to split one full executor's commission between them should they become executors of her will. Mrs. Goodhart was very grateful, and the above letter was shortly thereafter prepared by the attorney who prepared Dr. and Mrs. Goodhart's wills. Mrs. Goodhart died on March 11, 1955. On March 12, 1955, Dr. Goodhart retained John M. Foley (hereinafter referred to as Foley) as attorney for Mrs. Goodhart's estate. Letters testamentary were granted to Dr. Goodhart on April 5, 1955. On April 8, 1955, Bankers Trust Company filed with the Surrogate's Court of New York County a renunciation of its appointment as trustee and successor co-executor under Mrs. Goodhart's will. Subsequent to Mrs. Goodhart's death, Dr. Goodhart spoke with petitioner and Judge Frank, stating that he did not feel capable of carrying on alone in looking after his wife's estate, and asked petitioner and Judge Frank to act as executors either with him or in his place. 352 The parties agreed that if petitioner and Judge Frank were issued letters testamentary, Dr. Goodhart would release them from their agreement with Mrs. Goodhart to accept only one full executor's fee between them and would undertake, with the approval *238 of the Surrogate's Court, to pay them each a full executor's commission. On April 12, 1955, Dr. Goodhart petitioned the Surrogate's Court for the issuance of letters testamentary for petitioner and Judge Frank. Such letters were issued on April 20, 1955. Dr. Goodhart remained as a coexecutor, but performed no services of substance. At some time between April 20 and May 14, 1955, Dr. Goodhart met with Foley. Dr. Goodhart said that he was for the first time becoming aware of the size of Mrs. Goodhart's estate, that she had more assets and money then he had supposed, and that he was very surprised that she had required petitioner and Judge Frank to execute their letter of August 1, 1950, since she did not request Bankers Trust to execute a similar document. Dr. Goodhart said further that he had had long-standing friendships with both petitioner and Judge Frank, that he wanted each to receive a full commission, and that if such payment could not be made as an administrative expense he wanted it paid from his share of his wife's estate. Foley suggested that, in view of Dr. Goodhart's relationship with his son Edward, the above arrangement be reduced to writing. On May 14, 1955, Dr. *239 Goodhart executed the following document with reference to the payment of executors' fees to petitioner and Judge Frank from Mrs. Goodhart's estate: AGREEMENT, made this 14th day of May, 1955 by SIMON PHILIP GOODHART, individually and as co-executor of the Last Will and Testament of Bertha Wolff Goodhart, also known as Bertha E. Goodhart, Bertha Wolff and Bertha E. Wolff, herinafter the decedent: WHEREAS, the decedent died on March 11, 1955 a resident of the City, County and State of New York; and WHEREAS, the Last Will and Testament of the decedent was duly admitted to probate by the Honorable William T. Collins on the 5th day of April, 1955 and Letters Testamentary were thereupon duly issued to Simon Philip Goodhart who was qualified as executor and has since acted as such and now so acts; and WHEREAS, by decree of the Honorable William T. Collins entered April 19, 1955, Martin M. Frank and Roy M. Cohn were appointed co-executors to act with Simon Philip Goodhart in the administration of the affairs of the decedent, and WHEREAS, Letters Testamentary were duly issued to Martin M. Frank and Roy M. Cohn on April 20, 1955; and WHEREAS, Martin M. Frank and Roy M. Cohn did, *240 by letter dated the first day of August, 1950, agree that in the event that either or both of them qualified as executors of and trustees under the Will of this decedent their joint compensation would be limited to the compensation payable to a single executor or trustee as provided by the Laws of the State of New York; and WHEREAS, Martin M. Frank and Roy M. Cohn as co-executors are performing the major portion of the work to be performed as executors of the decedent and without whose aid and assistance Simon Philip Goodhart could not undertake to act as one of the executors of the said estate; and WHEREAS, Simon Philip Goodhart is the sole residuary legatee of the within estate which is believed to have assets in excess of $1,000,000, and which is more than sufficient to pay all claims and to satisfy all bequests contained in the Last Will and Testament of the decedent; and WHEREAS, Simon Philip Goodhart will receive the major portion of the assets of the within estate under the provisions of the decedent's Last Will and Testament; and WHEREAS, Simon Philip Goodhart is a practicing physician and is eightyfive years of age and has never extensively participated in the management *241 of the business affairs of the decedent; his wife; and WHEREAS, Martin M. Frank and Roy M. Cohn are attorneys duly admitted to practice before the courts of the State of New York and are fully familiar with estate administration; and WHEREAS, Martin M. Frank, now a Justice of the Supreme Court of the State of New York, was for approximately fifteen years the attorney for the decedent as well as the attorney for the decedent as executrix and trustee under the wills of Ricka Wolff and Hattie A. Goodhart, the decedent's mother and sister respectively, and is fully familiar with the assets of both of these estates as well as the affairs of the decedent. That Roy M. Cohn for the past seven years was counsel for the decedent and is fully familiar with many of her legal, financial and family problems; and 353 WHEREAS, the administration of the within estate will be intricate, requiring constant attention on the part of the executors due to its size and the nature of the estate assets, that the administration of this estate will in all probability extend over a period of three years before it is judicially settled and WHEREAS, it will be in the best interests of the within estate *242 that Martin M. Frank and Roy M. Cohn continue to act as executors of the within estate; NOW, THEREFORE, in consideration of the premises and in return for the agreement and promises of Martin M. Frank and Roy M. Cohn to continue to act as co-executors of the Last Will and Testament of the decedent, Bertha Wolff Goodhart, Simon Philip Goodhart hereby covenants and agrees as follows: FIRST: That in return for the continued services of Martin M. Frank and Roy M. Cohn as co-executors of or trustees under the Last Will and Testament of the decedent, Simon Philip Goodhart as executor and residuary legatee does hereby agree, subject to the approval of the Surrogate, to release the said Martin M. Frank and Roy M. Cohn from the terms and provisions of the aforesaid letter dated the first day of August, 1950. SECOND: That in return for the continued services of Martin M. Frank and Roy M. Cohn as executors of or trustees under the Last Will and Testament of the decedent, Simon Philip Goodhart does hereby agree to pay them, subject to the approval of the Surrogate, full commissions as provided by law and to charge the same against the estate of the decedent as an administration expense. *243 THIRD: That in the event the payments aforesaid cannot be charged against the estate of the decedent, then and in that event Simon Philip Goodhart agrees that payment be made out of the residuary estate of the difference between the sum fixed and awarded to Martin M. Frank and Roy M. Cohn and that amount which would constitute full commissions as fixed and provided by the Laws of the State of New York for executors and Trustees. IN WITNESS WHEREOF, SIMON PHILIP GOODHART has hereunto set his hand and seal the day and year first above written. /s/ Simon Philip Goodhart (L.S.) Individually and as co-executor of the Last Will and Testament of Bertha Wolff Goodhart, also known as Bertha E. Goodhart, Bertha Wolff and Bertha E. Wolff. Dr. Goodhart died on December 6, 1956. Letters testamentary in respect of his estate were issued on February 26 and April 11, 1957, to petitioner, Judge Frank, and the Chemical Corn Exchange Bank. A codicil dated April 26, 1955, to Dr. Goodhart's last will and testament stated in part: SECOND: I direct that my executors and trustees shall each receive as compensation for acting as executors and trustees full commissions as provided by law notwithstanding *244 the provisions of any agreement, letter or contract heretofore made and I hereby revoke, set aside, and cancel the letter agreement heretofore executed by the individual executors and trustees named herein on August 1, 1950, and release and discharge them from the provisions thereof. The codicil also provided that the executors and trustees under the will were to be petitioner, Judge Frank, and the Hanover Bank. A later codicil replaced the Hanover Bank with the Chemical Corn Exchange Bank. On May 31, 1957, petitioner and Judge Frank, as the surviving executors of Mrs. Goodhart's will filed a petition for an intermediate accounting and for instructions with the Surrogate's Court. The petition provided in part: To the Surrogate's Court of the County of New York: The Petition of Roy M. Cohn * * * and Martin M. Frank * * * respectfully states: * * * That at the time the within decedent [Mrs. Goodhart] executed and published her Last Will and Testament she obtained from petitioners an agreement in writing dated the 1st day of August, 1950, which provides as follows: [Hereafter followed a copy of the letter from petitioner and Frank to Mrs. Goodhart set forth above.] * * *245 * That said Simon Philip Goodhart was the sole residuary legatee of the within estate, which has principal assets of $2,476,393.59 as of the 11th day of March, 1955, the date of death of the within decedent, which is more than sufficient to pay all claims and to satisfy all bequests contained in said Last Will and Testament. That prior to the 12th day of April, 1955, said Simon Philip Goodhart did request your petitioners to act with him as coexecutors subject to the approval of this Court. That said Simon Philip Goodhart was acquainted with the size of the within estate, of the difficulties and time requirements that would be encountered in its administration. 354 That said Simon Philip Goodhart was a physician advanced in years and unfamiliar and had no personal experience with business and financial matters necessary to enable him to properly administer his late wife's many and large interests. That said Simon Philip Goodhart was also aware of the aforesaid agreement dated the 1st day of August, 1950 and did promise and agree that if letters testamentary were issued to petitioners he would release petitioners from the terms and conditions of said agreement and would *246 undertake, subject to the approval of this Court, to pay to each one full commission. That immediately following the death of Bertha Wolff Goodhart it was ascertained that due to a long and serious illness she had wholly neglected her business and financial affairs; that there were no accurate books or records of account or inventory of assets available; that an extensive search would have to be made to locate assets; that a careful study would have to be made of the volumonous [sic] quantity of papers and handwritten notes found among the within decedent's effects, and that it was apparent that such efforts would require at least one year's time. That all of these facts were known to said Simon Philip Goodhart and were stated by him to petitioners. That on the 14th day of May, 1955, said Simon Philip Goodhart, pursuant to such oral understanding, did cause petitioners to enter into an agreement, a copy of which is annexed hereto and made a part hereof (Exhibit "A") which was filed with the Clerk of the Surrogate's Court, New York County, on the 25th day of May, 1955, whereby the said Simon Philip Goodhart did promise and agree, in consideration for the continued services of *247 your petitioners as executors herein and subject to the approval of the Court, to release the petitioners from the terms and provisions of the aforesaid agreement dated the 1st day of August, 1950, and to pay to petitioners each a full commission as provided by law, to be charged against the within estate as an administration expense. That said agreement further provided that in the event that said payments aforesaid could not be so charged against the within estate, the said Simon Philip Goodhart would pay out of the residuary estate the difference between the sum fixed and awarded to petitioners and the amount which would constitute full commissions as fixed and provided by the laws of the State of New York for executors. That the Last Will and Testament of the within decedent contemplated that in the event that letters testamentary issued to the substitute executors that [sic] the corporate executor would act together with your petitioners and that two full executor's commissions would be charged against her estate. That letters testamentary were not issued to any corporate executor and petitioners have had and will be required to perform all of the work attendant to the administration *248 of the within estate. * * * That it was the expressed intention of Simon Philip Goodhart to waive any and all claim to commissions herein as it would have been of greater financial benefit to him and his estate to do so. That petitioners are in doubt as to whether the payment of one full executor's commission to each petitioner is chargeable against the within estate as an administration expense and desire a ruling and instruction from the Court. * * * [Attached as Exhibit A was a copy of the May 14, 1955, agreement between Dr. Goodhart and petitioner and Frank.] On December 11, 1957, the Surrogate's Court handed down a decree as follows: by Mr. Surrogate Cox. Estate of Bertha Wolff Goodhart - The court holds that one full commission may be divided between the two accounting executors as an administration expense in accordance with the letter signed by the decedent limiting the commissions of the two accounting executors, and that pursuant to the agreement made between the deceased executor and the two accounting executors, copy of which is attached to the petition herein, there may be paid to each of them, out of the residuary estate of which the now deceased executor *249 was sole beneficiary, an amount equal to that received by them as commissions. After a hearing, the court holds that the deceased executor waived his commissions as executor. Submit decree on notice settling the intermediate account. It is the nature of the payment of $27,247.96 to petitioner from Mrs. Goodhart's residuary estate that is in issue here. The estate tax return filed on behalf of Mrs. Goodhart's estate, signed by petitioner and Judge Frank as executors, claimed as a deduction estimated executors' commissions of $173,025.37, an amount including full commissions to both petitioner and Judge Frank. The Internal Revenue Service disallowed $54,495.92 of this deduction, representing a one-half commission to petitioner and a one-half commission to Judge Frank, as a proper administration expense. 355 In respect of the treatment of these payments of $24,247.96 each to petitioner and Judge Frank on Dr. Goodhart's estate tax return the parties have stipulated as follows: 17. Upon examination of the estate tax return for the Estate of Dr. Simon Philip Goodhart the amount of $27,247.92 paid to each of Roy M. Cohn and Martin M. Frank were included as part of the gross estate *250 and not allowed as deductions from the estate. 18. The estate tax return filed by the estate of Dr. Simon Philip Goodhart included the value of the residuary estate of Bertha Wolff Goodhart reduced, inter alia, by the sum of the payments promised to Roy M. Cohn and Martin M. Frank The Internal Revenue Service returned this amount to the gross estate. The estate of Dr. Simon Philip Goodhart filed a claim for a refund which was disallowed, but did not further pursue the claim after its disallowance by the Internal Revenue Service. In 1955, Dr. Goodhart made gifts of three bonds (face value $1,000 each) to each of Dora M. Cohn (petitioner's mother), petitioner, and Ann F. Frank (Judge Frank's wife). In 1956, he made similar gifts of three bonds (face value $1,000 each) to each of Dora M. Cohn, petitioner, Judge Frank, and Ann F. Frank. No entry was made on the gift tax return that was filed on behalf of Dr. Goodhart for 1956 with respect to the gifts of bonds to members of the Cohn or Frank families, set forth above, and no gift tax return was filed with respect to the $27,247.96 payment to petitioner that is in issue herein. Nor does the record disclose that any gift tax return *251 was filed with respect to the corresponding $27,247.96 payment to Judge Frank. The Commissioner determined a deficiency in income tax against petitioner which reflected, among other items, petitioner's failure to include his extra one-half executor's commission of $27,247.96 in his reported income for 1958, and petitioner brought this proceeding to review that determination. Judge Frank died on May 19, 1966. Income taxes in respect of his extra one-half executor's commission of $27,247.96 appear to have been paid (either in connection with the joint return originally filed by the Franks for 1958 or as a result of the Commissioner's determination of deficiency for 1958), and suit was brought for refund of such taxes in the United States District Court, Southern District of New York. Petitioner Roy M. Cohn was the principal witness in that suit. The full transcript of testimony therein and all pertinent exhibits have been incorporated in the present record. No other testimony was presented in this case. The extra one-half executor's commission in the amount of $27,247.96 received by petitioner in 1958 was not a gift. It was taxable compensation and should have been included by *252 petitioner in his gross income. Opinion RAUM, Judge: We have found as an ultimate fact that the $27,247.96 in controversy that was received by petitioner represented compensation and was not a gift. It is not necessary to make any comprehensive review of the supporting facts, which are set forth in some detail in our findings. The evidence shows that Dr. Goodhart found himself unable to carry on as executor, that Mrs. Goodhart's estate was large and complex, that Bankers Trust Company had renounced its executorship, and that Dr. Goodhart turned to petitioner and Judge Frank to take over the administration of the estate. An understanding was reached that they would each receive full commissions rather than the one-half which they had agreed to accept some five years earlier. They were not required to qualify as executors and they could have declined to do so. It was only after Dr. Goodhart had committed himself to relieve them of their prior undertaking to limit their commissions that he petitioned the Surrogate's Court for the issuance of letters testamentary for petitioner and Judge Frank. The subsequent written agreement merely reduced to writing what had already been orally *253 agreed to. The fact that the state court declined to approve the remaining one-half commissions as an administrative expense is unimportant. The point is that it recognized those commissions as an obligation or charge against the residuary estate, and that such obligation or charge grew out of the services rendered by petitioner and Judge Frank in the particular circumstances. It is clear on the record before us that the dominant purpose of the payment in controversy was to compensate petitioner for his services, and did not represent a gift, notwithstanding that Dr. Goodhart undoubtedly had friendly feelings for both petitioner and Judge Frank, and had in fact made gifts, in smaller amounts, to them. The result that we reach is in accord with the decision of the District Court in Judge 356 Frank's case, holding, upon substantially the same evidence, that the $27,247.96 paid to Judge Frank was taxable income rather than a gift. Frank v. United States, 260 F. Supp. 691 (S.D.N.Y.). Decision will be entered for the respondent.